ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Second District, in J.S.H. v. State, 455 So.2d 1143 (Fla. 2d DCA 1984), which the district court certified to be in direct conflict with W.N. v. State, 426 So.2d 1206 (Fla. 4th DCA 1983). The district court held that this juvenile’s offense bore a sufficiently significant relationship to the victim’s damages to support the trial court’s order that the juvenile pay restitution to the victim under section 39.11(l)(g), Florida Statutes (1983). We agree and approve the decision of the district court.
The victim anchored his twenty-one-foot motorboat to a bridge because it was running low on gas and a storm was approaching. Upon returning the next day, he found a person inside the boat cutting wires and loosening screws, and there was a large hole in the boat’s bottom. A repair shop estimated that it would cost $1,500 to fully restore the boat. Several items of property (i.e., cooler, fire extinguisher, compass, toolbox) had also been stolen from the boat; however, with the exception of an ammeter worth $50, all of the property was eventually recovered.
The state filed a petition for delinquency, charging petitioner with second-degree grand theft under section 812.014, Florida Statutes (1983). The trial court withheld *738 adjudication and placed him in a community control program. Subsequently, the trial court held a hearing on the issue of restitution under section 39.11(l)(g), Florida Statutes (1983). The court determined the victim’s total damages to be $1,500 for repairing the boat and $50 for replacing the ammeter. Petitioner was ordered to pay restitution in the amount of one-half of $1,550.
On appeal, petitioner argued that restitution was proper only for the ammeter but not for damages to the boat itself because he had been charged only with the crime of grand theft and not with the crime of criminal mischief. Petitioner asserted that the damage to the victim’s boat was not “caused by his offense” as section 39.-ll(l)(g) requires. The district court disagreed, finding that the words “caused by his offense” do not mean that the offense charged must bear a direct relationship to the damages caused but rather that the damages bear a significant relationship to the crime charged. The court, however, certified direct conflict with W.N. v. State. In W.N., juveniles trespassed on school property and allegedly broke several thousand dollars worth of windows. They were originally charged with both criminal mischief and trespass. The criminal mischief charges were, however, nolle prossed. The court, nonetheless, ordered restitution to be paid for the broken windows. The District Court of Appeal, Fourth District, reversed the restitution order and stated there was no relationship between the offense charged (trespass) and the damages. The court reasoned that only the criminal mischief charge had a direct relationship to the damages, and, because it was nolle prossed, there was no legal foundation to impose restitution.
Petitioner contends, as he did in the district court, that the damages to the boat were not caused by his offense of grand theft. We disagree.
The damages were the result of the theft as they resulted directly from petitioner’s actions which were necessary to perpetrate his crime. The hole in the boat’s bottom resulted from a seat being removed from the boat, and all the wires were cut in order to facilitate the theft of engine parts. These actions were undertaken so that items could be stolen and were necessary for the theft to occur. Without these acts of destruction, some items simply could not have been stolen. It is not necessary that the offense charged describe the damage done in order to support a restitution order but only that the damage bear a significant relationship to the convicted offense.
Accordingly, we approve the decision of the district court.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs in result only.