ON MOTION FOR REHEARING
ZEHMER, Judge.
The State’s motion .for rehearing contends that we overlooked the controlling nature of the Florida Supreme Court’s opinion in J.S.H. v. State, 472 So.2d 737 (Fla.1985). Although not discussed in our opinion, we did consider that decision and found it totally distinguishable for the following reasons.
In J.S.H. the juvenile defendant stole various parts from a boat and in the process caused $1,500 damage to the boat. He was found guilty of grand theft, adjudication was withheld, and restitution was ordered for the cost of repairing the boat. The defendant argued that restitution was improper because such damage was not caused by the charged offense, grand theft, but was caused by his acts which constituted criminal mischief, an offense not charged. The supreme court held that restitution was properly ordered because the acts of destruction to the boat were necessarily committed during perpetration of the theft and thus there was a sufficiently significant relationship between the commission of the offense and the damage to the boat to warrant restitution under section 39.11(l)(g), Florida Statutes (1983).
J.S.H. is clearly distinguishable because the required significant relationship between the convicted offense and the resulting damages was established and there was no question that the owner of the boat was the victim. The issue in the instant case is whether the mother of the victim may recover restitution from defendant for damages allegedly attributable to defendant’s criminal acts against the victim. The alleged damages to the mother were not a necessary part of the battery against her child; rather, they were caused by the mother’s emotional reaction upon learning of the incident and her ensuing attempts to recover compensation from the defendant.
The motion for rehearing is DENIED.
THOMPSON and BARFIELD, JJ., concur.