530 So.2d 308 (1988)
Stanley HOOVER, Petitioner,
v.
STATE of Florida, Respondent.
No. 71291.
Supreme Court of Florida.
September 8, 1988.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
We have for review Hoover v. State, 511 So.2d 629 (Fla. 1st DCA 1987), in which the district court on its own initiative found the trial court committed fundamental error in accepting a nolo contendere plea to a reduced offense arising out of a plea agreement. We find conflict with Ray v. State, 403 So.2d 956 (Fla. 1981). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and quash the decision of the district court.
The pertinent facts show that petitioner, Stanley Hoover, was initially charged by information with the capital felony of sexual battery upon a person less than twelve years of age, a crime which carries a life sentence and a mandatory minimum twenty-five-year term of incarceration. The state and Hoover entered into a plea agreement which permitted Hoover to plead nolo contendere to a first-degree felony charge of sexual battery of a child over the age of eleven by a person in a position of familial or custodial authority over the victim, under section 794.011(4)(e), Florida Statutes (1983), punishable by a maximum sentence of thirty years. § 775.082(3)(b), Fla. Stat. (1983). Setting forth its reasons in writing, the trial court departed from the recommended guideline sentence of seven to nine years and, instead, imposed a sentence of thirty years. On appeal to the district court, the parties did not dispute the validity of the plea; rather, the sole issue was whether the trial judge had authority to depart and impose the thirty-year sentence.
The First District Court of Appeal, sua sponte, raised the issue of the plea's validity and found the trial court committed fundamental error in accepting Hoover's nolo contendere plea to the crime enunciated in section 794.011(4)(e). The district court determined that Hoover, under the facts, could not possibly have committed the crime to which he pled nolo contendere, since the evidence clearly proved he did not commit sexual battery upon a child over the age of eleven. The district court stated: "[A] prosecutor may not negotiate, and a trial court may not accept, a plea of guilty or nolo contendere to an offense which the undisputed evidence shows the defendant did not commit, notwithstanding that the defendant understands and acquiesces, for whatever reason, to the improper *309 procedure." Hoover, 511 So.2d at 635.
Both the state and Hoover challenge the decision of the First District Court and argue it cannot be reconciled with our decision in Ray where the defendant was charged with sexual battery, but was convicted by a jury of lewd assault as a lesser offense. We recognized that the lesser offense for which the defendant was convicted was not a proper lesser offense, but upheld the conviction, stating that
it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.
Ray, 403 So.2d at 961 (footnote omitted).
We agree that the instant case is irreconcilable with our holding in Ray. Clearly, if a defendant can be convicted by a jury of an improper lesser included charge, a defendant can also agree to a plea to a related but not lesser offense. We hold that the acceptance of such a plea agreement is not fundamental error. In reality, this plea is similar to a plea of convenience approved by the United States Supreme Court in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
If a defendant voluntarily and knowingly enters into a plea to a related lesser charge, the plea is valid. The district court did not focus on the real issue which was directed to the terms of the plea agreement itself, specifically, the sentence that would be imposed upon Hoover. We accept the parties' recommendation that the best solution is for this matter to be remanded to the trial court for a determination of the sentencing terms of the plea agreement because this record is silent on that point.
Accordingly, for the reasons expressed, we quash the decision of the district court with directions that it remand this cause to the trial court for a determination of the sentencing terms of the plea bargain.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.