SMITH, Judge.
Appellant contends that he was given an invalid departure sentence. We agree and remand for resentencing within the guidelines.
Appellant was permitted to plead to a first degree felony sexual battery and lewd assault. At sentencing, notwithstanding the guidelines recommended range of seven to nine years, the trial court gave a departure sentence of thirty years, basing his decision upon three written reasons: (1) emotional trauma to the victim; (2) presumptive guidelines sentence woefully inappropriate given the nature and severity of the crime and all the factual circumstances surrounding the case; and (3) violation and abuse of position of trust in committing this crime. This sentence was appealed, on appellant’s claim that the departure reasons were invalid. The state, on the other hand, contended that the plea agreement included a provision for a thirty year sentence, and requested this court to sustain the departure reasons on that ground. Without reaching the departure issue, this court reversed, finding that fundamental error occurred when appellant was permitted to plead to a crime which the undisputed evidence disclosed he did not commit. Hoover v. State, 511 So.2d 629 (Fla. 1st DCA 1987). On review, the Florida Supreme Court ruled that acceptance of appellant’s plea did not constitute fundamental error, and quashed this court’s decision “with directions that it remand this cause to the trial court for a determination of the sentencing terms of the plea bargain.” Hoover v. State, 530 So.2d 308, 309 (Fla.1988).
On remand, the trial court determined that there had been no meeting of the minds of the parties with regard to a thirty year sentence, and resentenced appellant to a fifteen year departure sentence, again relying, in part, on the emotional trauma allegedly suffered by the victim as support for the departure.
In this appeal, appellant again challenges the validity of the written departure reasons. The state contends that the departure is supported by the first two written reasons given by the trial court. The state concedes that the third reason given is invalid, but maintains that, beyond a reasonable doubt, the absence of the invalid reason would not have affected the departure sentence.
In Lerma v. State, 497 So.2d 736, 739 (Fla.1986), the Florida Supreme Court opined that emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim. The court later refined this pronouncement by recognizing that psychological trauma may be a valid reason for departure if the trauma arises from extraordinary circumstances which are not inherent in the offense or when the victim has a discernible physical manifestation resulting from the trauma. State v. Rousseau, 509 So.2d 281, 283-4 (Fla.1987). Further, the facts demonstrating emotional trauma must be proven beyond a reasonable doubt. Davis v. State, 517 So.2d 670, 674 (Fla.1987).
We agree with appellant that the facts in this record do not support a departure based upon emotional trauma to the victim. There is no evidence of trauma due to extraordinary circumstances not inherent in the offense for which appellant was *766 convicted. We note the trial court’s emphasis on the fact that appellant paid the victim after the sexual battery. There is no evidence, however, that payment exacerbated her trauma.
The second departure reason given by the trial court is no more than an expression of disagreement with the presumptive guidelines sentence. Such a statement may be approved where there is at least one clear and convincing reason for departure, Scott v. State, 508 So.2d 335, 337 (Fla.1987). Because no other valid reason exists in this case, the trial court’s second reason for departure must fail as well.
REVERSED and REMANDED for re-sentencing within the guidelines.
ZEHMER and MINER, JJ., concur.