WOLF, Judge.
David Gipson appeals from the sentence he received following a violation of probation hearing and also from the restitution order issued by the trial court. He asserts that the trial court erred in exceeding the maximum sentence permitted under the sentencing guidelines, and also that it was error to enter the restitution order after a *1172 notice of appeal had been filed. We agree. The state concedes that the restitution order was illegal, and we vacate the imposition of that order without further comment.
At sentencing, the appellant informed the court he was unable to handle being on probation because of the overwhelming costs facing him. Appellant and the court had a dialogue concerning the appellant’s inability to successfully complete probation, following which the court imposed a departure sentence of 10 years’ incarceration. The court stated its reason for departure as follows:
The defendant has advised the court he does not want to be placed on probation again and will not complete any conditions of probation which may be imposed.
The state and appellant disagree concerning what sentence could have been imposed under the guidelines.[1] Both sides acknowledge, however, that appellant’s sentence could include a period of incarceration.[2] In a situation where a defendant can be incarcerated for a period of time under the guidelines, the inability to successfully complete probation does not constitute a valid reason for departure. In this situation, an increased period of incarceration merely constitutes a disagreement with the guideline sentence. Such a disagreement is not a valid reason for departure. Hoover v. State, 553 So.2d 764 (Fla. 1st DCA 1989). The sentence is, therefore, vacated and the case is remanded for re-sentencing of the defendant within the guidelines.
WIGGINTON and BARFIELD, JJ., concur.

. This dispute should be resolved at the time of resentencing.

. Appellant asserts that the permitted sentence was 1 to 3 ½ years. Appellee asserts that the permitted sentence was 4½ to 9 years.