596 So.2d 1220 (1992)
Euclides E. PERALTA, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1437.
District Court of Appeal of Florida, Fifth District.
April 10, 1992.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Foster, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is the appeal of a restitution order. On December 13, 1990, defendant was charged by information with grand theft of "[stereo] cassettes, [stereo] speakers, a vehicle bug screen and an equalizer" which had been stolen from the victim's automobile (Count I) and grand theft of the victim's automobile (Count II). Defendant agreed to plead guilty to the lesser included offense of petit theft, in exchange for the state's agreement to nolle pros Count II. He also agreed to pay unspecified "restitution."
At defendant's restitution hearing, the victim testified that his uninsured losses due to the theft were $2,874.78. Among other things defense counsel argued that defendant could not be ordered to pay restitution in excess of $300, the maximum amount defined as petit theft in section 812.014, Florida Statutes (1989). The state responded that there was no agreement "that if he pled to the petit theft that he would only be responsible for petit theft amount of restitution." However, the state admitted that the reason it had agreed to the plea was because it was unable to prove the theft of either the *1221 vehicle or any items beyond those found in defendant's possession. The court ordered restitution in the amount of $2,575.93, the lowest estimate of loss provided by the victim. We reverse.
Pursuant to sections 775.089(1)(a) and 948.03(1)(e), Florida Statutes (1989), restitution may be ordered only for damage or loss caused directly or indirectly by the defendant's offense. The evidence establishes the value of the items defendant was charged with stealing is well in excess of $300; however, because here the convicted offense was theft of items having a value of $300 or less, the maximum value of the items for which defendant can be ordered to pay restitution is also $300. Accordingly, we quash the restitution order with instructions to limit restitution for the property stolen to $300. However, because restitution can also include losses caused indirectly by theft, including damage done to the vehicle in effecting the theft of the items charged in Count I,[1] and because we are unable to determine the amount of repair associated with those items, we remand for the trial court to make that determination and order the correct amount of restitution.
REVERSED and REMANDED.
COBB, W. SHARP and GRIFFIN, JJ., concur.
NOTES
[1] Faulkner v. State, 582 So.2d 783, 784 (Fla. 5th DCA 1991).