600 So.2d 1293 (1992)
Christopher HEBERT and Lawrence Byrd, Appellants,
v.
STATE of Florida, Appellee.
No. 91-1344.
District Court of Appeal of Florida, First District.
June 25, 1992.
Nancy A. Daniels, Public Defender, Abel Gomez, Asst. Public Defender, Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen., Charles T. Faircloth, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
We affirm the trial court's orders of restitution in the amount of $2530 imposed as conditions of appellants' probation, agreeing with the state that it carried its burden of proving the amount of loss suffered by the victim in this case by a preponderance of the evidence. However, in affirming, we must address appellants' initial contention that the trial court was restrained from imposing restitution in an amount in excess of $300 by virtue of appellants' pleas to the lesser included offense of petit theft. For the following reasons, we disagree with that proposition.
Appellants were initially jointly charged by information with one count of third-degree grand theft, contrary to section *1294 812.014(2)(c)1., Florida Statutes (1989). However, they both ultimately entered into plea agreements with the state, agreeing to plead guilty to the misdemeanor offense of petit theft, section 812.014(2)(d), in exchange for a maximum six months of probation. The plea agreement specifically left "restitution to be determined by court." The trial court ultimately accepted the plea, withheld adjudication of guilt and placed appellants on probation for a period of six months. One of the conditions of their probation required that appellants "make complete restitution as determined by the written order of the Court."
Appellants make no contention that their plea was not freely and voluntarily entered and do not seek to withdraw their plea. Instead, they argue that whereas they pled no contest to petit theft, which is statutorily defined as theft of property with a value less than $300, and whereas there is nothing in the record to indicate that the state reserved the right to seek restitution in excess of $300, and, whereas the grand theft charges were effectively nol-prossed as a result of the plea agreements, any restitution in excess of $300 was not caused by their offenses to which they pled no contest. Thus, as their argument goes, the trial court's orders of restitution in excess of $300 requires reversal.
In support of their argument, appellants have submitted to this court a recent decision from the Fifth District Court of Appeal holding, on facts apparently identical to those in the instant case, that
... because here the convicted offense was theft of items having a value of $300 or less, the maximum value of the items for which defendant can be ordered to pay restitution is also $300.
See Peralta v. State, 596 So.2d 1220 (Fla. 5th DCA 1992). Accordingly, the Fifth DCA quashed the restitution order (that was admittedly based on evidence establishing a value of the items the defendant was charged with stealing as being well in excess of $300) with instructions to limit restitution for the property stolen to $300. See, also, L.A.R. v. State, 563 So.2d 836 (Fla. 5th DCA 1990).
The result reached by the Fifth District in Peralta is facially logical and legally pristine, but, upon deeper consideration of the issue, we must disagree with its approach in situations involving a plea agreement which does not specifically limit the state to recovering an amount certain in restitution. Unquestionably, a defendant may not plead to an illegal sentence, Williams v. State, 500 So.2d 501 (Fla. 1986), and we hold that appellants did not do so in the instant case. It is beyond cavil that an otherwise valid and unassailed plea places the defendant's case in a different posture for reasons that are clearly convenient and beneficial to the defendant. Often, the plea redesigns and redefines the case in such a manner as to place it seemingly entirely at odds with the original charging document, not too unlike the sometimes inexplicable verdicts rendered by juries pursuant to their pardon power. For instance, the Florida Supreme Court has ruled that it is not fundamental error for a defendant to agree to plead to a related offense where the evidence clearly established that the defendant could not have possibly committed that particular related crime. See Hoover v. State, 530 So.2d 308 (Fla. 1988). In Hoover, the supreme court specifically held that if "a defendant voluntarily and knowingly enters into a plea to a related lesser charge, the plea is valid." Id. at 309. Indeed, the court went on to say that the focus, instead, should have been on the "real issue which was directed to the terms of the plea agreement itself, specifically, the sentence that would be imposed upon Hoover." Id.
In the instant case, appellants entered into plea agreements which beneficially reduced the charged offense from felony grand theft to the lesser misdemeanor of petit theft. In that regard, it must be kept in mind that ordinarily subsection 812.014(1) defines the crime of theft, whereas subsection 812.014(2), "merely defines the degree" of the felony by virtue of the value *1295 of the property stolen. See Johnson v. State, 597 So.2d 798, 799 (Fla. 1992). Here, however, the offense remained defined as theft, but the plea agreement, and not the value of the property stolen, determined the degree of the offense. Yet, the agreement nonetheless undeniably left to the trial court the responsibility of ordering restitution under section 775.089(1)(a), Florida Statutes, for loss occasioned by appellants' offense of theft. That section provides that in addition to any punishment, the trial court "shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense...." [emphasis added].
Based on the foregoing, and under the circumstances presented, absent any challenge to the validity of the plea itself, and absent any specific restriction contained within the plea agreement as to the amount the state could seek in restitution from the defendants, we hold that since the state in fact proved by a preponderance of the evidence that the amount of restitution it sought was caused by the defendants' offense, the order of restitution conforming thereto are AFFIRMED. However, in light of the apparent conflict this decision creates with the Fifth District's decision in Peralta, we hereby certify the following question as being one of great public importance:
WHERE A DEFENDANT ENTERS INTO A PLEA AGREEMENT THAT IS NOT THEREAFTER CHALLENGED AND BY WHICH THE CHARGE OF FELONY GRAND THEFT IS REDUCED TO MISDEMEANOR PETIT THEFT, BUT WHICH AGREEMENT DOES NOT RESTRICT THE AMOUNT OF RESTITUTION THAT MAY BE IMPOSED, AND WHERE THE STATE IN FACT PROVES BY A PREPONDERANCE OF THE EVIDENCE AN AMOUNT CONSISTENT WITH THE ORIGINAL CHARGE, IS THE TRIAL COURT NONETHELESS RESTRAINED BY THE PLEA TO PETIT THEFT TO IMPOSE AN AMOUNT OF RESTITUTION NO GREATER THAN $300?
ERVIN and KAHN, JJ., concur.