PER CURIAM.
This is an appeal by the defendant Daniel Quigley from a probation order requiring him to pay restitution in the amount of $6,439.50 as a condition of probation, entered upon a nolo contendere plea to grand theft of an airboat. The restitution was ordered to compensate the owner of the airboat for the near-total damage to the airboat caused by the defendant during the commission of the subject theft. We affirm.
The state established at the restitution hearing conducted below that the victim received an estimate of $6,439.50 from an airboat company to repair and replace parts of the airboat which were damaged or destroyed by the defendant. Contrary to the defendant’s contention, we conclude that this evidence was sufficient to support the amount of restitution ordered by the trial court under Section 948.03(l)(e), Florida Statutes (1991). The fact that the victim did some unspecified repair work on the boat himself and apparently did not, in fact, engage the airboat company to repair and restore the boat because of a lack of appropriate insurance coverage cannot change this result; the estimate given by the airboat company was still a fair valuation of the damage done by the defendant to the airboat for which the defendant could be properly ordered to compensate the victim as restitution. See State v. Hawthorne, 573 So.2d 330, 332-33 (Fla.1991); J.S.H. v. State, 472 So.2d 737 (Fla.1985) (repair shop estimate of cost to restore boat damaged by juvenile accepted as proof of damage to boat).
Affirmed.