614 So.2d 493 (1993)
Christopher HEBERT, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 80229.
Supreme Court of Florida.
February 25, 1993.
Nancy A. Daniels, Public Defender and Abel Gomez, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief-Crim. Appeals and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for respondent.
*494 KOGAN, Justice.
We have for review Hebert v. State, 600 So.2d 1293 (Fla. 1st DCA 1992), which certified the following question of great public importance:
Where a defendant enters into a plea agreement that is not thereafter challenged and by which the charge of felony grand theft is reduced to misdemeanor petit theft, but which agreement does not restrict the amount of restitution that may be imposed, and where the State in fact proves by a preponderance of the evidence an amount consistent with the original charge, is the trial court nonetheless restrained by the plea to petit theft to impose an amount of restitution no greater than $300.00?
Id. at 1295. We rephrase the question as follows:
When a defendant pleads guilty to an offense defined by a maximum dollar value, can court-ordered restitution exceed that amount when the voluntary plea agreement expressly leaves the amount of restitution to the discretion of the trial court?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The two Petitioners were employed by a Tallahassee restaurant, Rooster's Colorado Club, during which time they came under suspicion of placing food orders without issuing appropriate bills. They later were charged with third-degree grand theft, but entered a plea agreement for petit theft. The agreement expressly left "[r]estitution to be determined by court."
Under Florida law, petit theft constitutes theft of property with a value less than $300.00. § 812.014(2)(d), Fla. Stat. (1989). The trial court later determined that Petitioners were responsible for more than $5,000.00 in losses to the restaurant and ordered each to pay restitution in the amount of $2,530.00. They later challenged the order on grounds it could not exceed the value assigned to their offense, but the district court rejected this argument. Hebert, 600 So.2d at 1294-95.
The applicable statute limits restitution to "damage or loss caused directly or indirectly by the defendant's offense." § 775.089(1)(a), Fla. Stat. (1989). Petitioners now argue that this wording necessarily places a ceiling on restitution equal to whatever dollar value is specified in the offense resulting in sentence, if any such value exists. The State on the other hand argues that the restitution statute gauges value solely by reference to damage caused by the misconduct, not by the arbitrary value assigned to any particular property offense.
While there may be merit to either argument, we find it unnecessary to confront the issue in the present case. The instant plea agreement expressly left the amount of restitution to the trial court's discretion and accordingly constituted a waiver of any objection Petitioners now might raise as to that amount, absent a clear showing the trial court abused its discretion. We find no abuse here. We reserve judgment as to whether a similar result would be mandated in the absence of an express agreement of the type involved here. Accordingly, we answer the rephrased question in the affirmative and approve the decision below.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.