RYDER, Acting Chief Judge.
Brenda Weisman pleaded guilty to grand theft of money from her employer, Landmark Research Corporation, and was placed on five years’ probation. As a special condition of probation, she was ordered to pay restitution to Landmark in the amount of $6,876.00. She challenges this condition on appeal. We reverse because part of the loss for which restitution was imposed was not caused directly or indirectly by Ms. Weis-man’s offense.
At the restitution hearing, Landmark presented evidence that it incurred a $25,000.00 loss when Ms. Weisman forged the signature of the corporate president, Warren White, on cheeks she made payable to herself. She had already reimbursed Landmark for this amount, and it was, therefore, not included in the restitution imposed. Ms. Weisman concedes that case law supports the court’s award of $1,000.00 in restitution for the additional employees Landmark had to hire to straighten out its financial records. See Mayer v. State, 632 So.2d 678 (Fla. 5th DCA 1994); Hodge v. State, 603 So.2d 1329 (Fla. 4th DCA 1992). Accordingly, we affirm that portion of the award.
Ms. Weisman disputes the court’s award of restitution for the loss Landmark incurred as a result of her failure to make timely payroll tax payments to the Internal Revenue Service. Mr. White testified that she had presented the payroll tax checks to him for his signature, but that she never mailed them. As a result, the Internal Revenue Service charged Landmark interest on the late payments in the amount of $5,376.00. The court ordered restitution in this amount, with an additional $500.00 restitution for interest to date.
A court may order restitution for a victim’s losses “caused directly or indirectly by the defendant’s offense.” § 775.089(1), Fla. Stat. (1989). Additionally, the loss must bear a significant relationship to the crime charged. State v. Williams, 520 So.2d 276 (Fla.1988). As previously noted, Ms. Weisman reimbursed Landmark for the amount of the checks she had forged to herself. These checks were the basis of the grand theft charge. Even assuming she intentionally failed to make the payroll tax payments, the state did not allege or present any proof that she appropriated these monies for her own use. In fact, the testimony at the restitution hearing showed the payroll tax cheeks had never been debited from Landmark’s account.
While we do not condone Ms. Weisman’s behavior, she was not charged with failure to mail checks. The loss Landmark sustained from these acts was independent of her crime of grand theft. The state did not *1191 show that her dereliction involving the payroll tax cheeks facilitated her theft. See J.S.H. v. State, 472 So.2d 737, 738 (Fla.1985). We hold that Landmark’s loss in the form of interest due to the Internal Revenue Service was not directly or indirectly connected to Ms. Weisman’s criminal act, nor was there a substantial relationship between the crime and the damages suffered. § 775.089(1), Fla. Stat. (1989); Williams. Accordingly, we strike $5,876.00 from the amount of restitution imposed as a condition of Ms. Weisman’s probation.
Restitution affirmed in part, stricken in part.
FRANK and FULMER, JJ., concur.