689 So.2d 1061 (1997)
J.O.S., a child, Petitioner,
v.
STATE of Florida, Respondent.
No. 87692.
Supreme Court of Florida.
March 13, 1997.
*1062 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Chief, Appellate Intake Division, Second Judicial Circuit, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General and James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Daniel A. David, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
We have for review J.O.S. v. State, 668 So.2d 1082 (Fla. 1st DCA 1996). We accepted jurisdiction to answer the following question certified to be of great public importance:
WHETHER, IN THE ABSENCE OF ANY AGREEMENT, RESTITUTION MAY BE ORDERED IN AN AMOUNT GREATER THAN THE MAXIMUM DOLLAR VALUE DEFINING THE OFFENSE FOR WHICH A CHILD IS ADJUDICATED A DELINQUENT CHILD AS LONG AS THE AMOUNT IS SUPPORTED BY COMPETENT, SUBSTANTIAL EVIDENCE?
Id. at 1085. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We rephrase the certified question as follows:
WHETHER, IN THE ABSENCE OF ANY PLEA AGREEMENT, RESTITUTION MAY BE ORDERED IN AN AMOUNT GREATER THAN THE MAXIMUM DOLLAR VALUE DEFINING THE OFFENSE FOR WHICH A DEFENDANT IS ADJUDICATED GUILTY.[1]
For the reasons expressed below, we answer the rephrased question in the affirmative and approve the decision under review.

MATERIAL FACTS
Petitioner J.O.S., a juvenile, was alleged to have intentionally thrown a baseball through the window of a pickup truck. J.O.S. was charged with committing what would have been the offense of first-degree misdemeanor criminal mischief if J.O.S. had been an adult.[2] Because respondent, the State, presented no evidence regarding the dollar value of the damage for which J.O.S. was responsible, the trial court found J.O.S. to have committed what would have been the offense of second-degree misdemeanor criminal mischief.[3] At a subsequent restitution hearing, the trial court, over defense counsel's objection that restitution could not exceed the maximum *1063 dollar value that would have supported a second-degree criminal mischief conviction, ordered J.O.S. to pay restitution in the amount of $1092.[4]
On appeal, the First District affirmed, finding that while J.O.S. was adjudicated delinquent based on a finding that he had committed what would have been the offense of second-degree criminal mischief had he been an adult, J.O.S. could be required to pay restitution in excess of the maximum dollar value that could support a second-degree criminal mischief conviction. J.O.S., 668 So.2d at 1085. The district court noted that in Hebert v. State, 614 So.2d 493, 494 (Fla. 1993), we expressly reserved judgment on the question of whether in the absence of a plea agreement leaving the amount of restitution to the trial court's discretion, restitution could be ordered in an amount greater than the maximum dollar value defining the offense for which a defendant is adjudicated guilty. Id. Accordingly, because the district court determined "this appeal raises the issue expressly left unanswered in Hebert, and because the issue is likely to continue to arise in the future," it certified the above question to this Court as being one of great public importance. Id.

LAW & ANALYSIS
J.O.S. argues that since the amount of damage is what distinguishes the degrees of misdemeanor criminal mischief, restitution may not be ordered in an amount greater than the maximum dollar value defining the offense he would have committed had he been an adult, second-degree misdemeanor criminal mischief. In response, the State asks this Court to hold that restitution may be ordered in an amount greater than the maximum dollar value defining the offense an adjudicated delinquent would have committed had he been an adult. Before addressing the facts of this case, we will briefly review the relevant statutory provisions and our prior caselaw.
Florida has restitution programs provided by statute which give trial courts the authority to require defendants who are adjudicated guilty to repay their victims as a condition of sentence. Section 39.054 addresses generally a court's power of disposition in juvenile proceedings, while subsection (1)(f) specifically provides the authority to order restitution which a court may do in its discretion.[5] Section 775.089 is a restitution statute which is part of Florida's Criminal Code. Subsection (1)(a)[6] requires a court to order a defendant to make restitution to the victim for damage or loss: (1) caused directly or indirectly by the defendant's offense; and (2) related to the defendant's criminal episode.[7] Therefore, once a juvenile defendant is adjudicated delinquent or an adult defendant found guilty, restitution is an appropriate sanction for juveniles under section 39.054(1)(f) and a mandatory sanction for criminal defendants under section 775.089(1)(a).
In J.S.H. v. State, 472 So.2d 737 (Fla.1985), we reviewed the statutory language of section *1064 39.11(1)(g), Florida Statutes (1983),[8] a predecessor to section 39.054(1)(f), which also required damage to be caused by the charged offense before it would be subject to an order of restitution in juvenile proceedings. We construed the language in section 39.11(1)(g) to mean that the offense charged did not have to describe the damage done to support an order of restitution, but rather only required "that the damage bear a significant relationship to the convicted offense." Id. at 738 (emphasis added).
In State v. Williams, 520 So.2d 276 (Fla. 1988), we interpreted section 775.089(1)(a), Florida Statutes (1985),[9] a substantially similar predecessor to the 1995 version of section 775.089(1)(a) at issue in this case. In concluding that restitution may only be ordered if a causal relationship exists between the offense and the damage or loss, we stated that the substantial relationship test from J.S.H. should work in conjunction with section 775.089(1)(a).[10]Id. at 277.
Most recently, in Hebert v. State, 614 So.2d 493, 494 (Fla.1993), we answered the following question in the affirmative:
WHEN A DEFENDANT PLEADS GUILTY TO AN OFFENSE DEFINED BY A MAXIMUM DOLLAR VALUE, CAN COURT ORDERED RESTITUTION EXCEED THAT AMOUNT WHEN THE VOLUNTARY PLEA AGREEMENT EXPRESSLY LEAVES THE AMOUNT OF RESTITUTION TO THE DISCRETION OF THE TRIAL COURT?
The defendants in Hebert had been charged with third-degree grand theft, but pled guilty to petit theft under a plea agreement which left restitution under section 775.089(1)(a) expressly to the trial court's discretion. Id. The trial court ordered the defendant to pay restitution in the amount of $2530, even though petit theft constituted theft of property with a value of less than $300. Id.
On appeal, the First District affirmed, rejecting the defendants' argument that the order improperly exceeded the value assigned to their offense, $299.99 or less. Id. On review, we approved the First District's decision without addressing the merits of the issue, instead finding that the plea agreement "expressly left the amount of restitution to the trial court's discretion and accordingly constituted a waiver of any objection" the defendants later raised to the $2530 in restitutionary costs. Id. However, in so doing, we reserved judgment as to whether a similar result would be required in the absence of an express agreement leaving the amount of restitution to the trial court's discretion. Id. That is the precise question presented in this case.
In its decision below, the First District concluded that restitution could be ordered in an amount greater than the maximum dollar value defining the offense for which a defendant is found guilty. J.O.S., 668 So.2d at 1085. The district court reasoned that a contrary finding would in effect require restitution amounts to be proven beyond a reasonable doubt at the criminal proceedings in cases where the defendant's alleged offense is defined by reference to a dollar amount. Id. The First District concluded that such a position would conflict with section 775.089(7), Florida Statutes (Supp.1994), which states that the burden of proof in establishing the amount of restitution is by a preponderance of the evidence. Id.
After review of our prior caselaw and the pertinent statutes, we find no reason to treat adjudicated delinquents and criminal defendants differently. In so doing, we do not limit trial courts' discretion on the amount of restitution to only those plea *1065 agreements which expressly so provide. Thus, we answer the question we left unanswered in Hebert. Applying the substantial relationship test from J.S.H. to section 39.054(1)(f) and section 775.089(1)(a) will allow courts to order restitution greater than a maximum dollar value defining an offense for which a defendant is adjudicated guilty. Since section 39.054(1)(f) allows an order of restitution in juvenile proceedings for "any damage or loss caused by the child's offense," we conclude that the significant relationship test from J.S.H. as applied to section 39.11(1)(g) is equally applicable to its successor statute, section 39.054(1)(f).
Furthermore, consistent with our decision in Williams, we likewise apply the "significant relationship" test to criminal defendants under section 775.089(1)(a) which requires a court to order a defendant to make restitution for damage or loss "caused directly or indirectly by the defendant's offense" and "related to the defendant's criminal episode." Therefore, since we have determined that adjudicated delinquents and criminal defendants merit similar treatment in this area, we find that the $1092 worth of damage done to the pickup truck by J.O.S. bears a significant relationship to what would be his second-degree misdemeanor criminal mischief conviction if he were an adult.
In summary, we hold that restitution may be ordered in an amount greater than the maximum dollar value defining the offense for which a defendant is adjudicated guilty. Accordingly, we answer the rephrased certified question in the affirmative and approve the decision below.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We rephrase the certified question to make clear that its answer is equally applicable under both section 39.054(1)(f), Florida Statutes (1995) and section 775.089(1)(a), Florida Statutes (1995). The question certified by the First District uses the phrase "for which a child is adjudicated a delinquent child." We rephrase this passage to read "for which a defendant is adjudicated guilty" because there is nothing in either section 39.054(1)(f) or section 775.089(1)(a) which would require a different answer to the certified question for juvenile and adult proceedings. We also omit the phrase "as long as the amount is supported by competent, substantial evidence" from the certified question. The similar phrase "and where the state in fact proves by a preponderance of the evidence an amount consistent with the original charge" was included in the certified question from the First District in Hebert v. State, 614 So.2d 493 (Fla.1993), but was omitted when we rephrased the certified question in that case. Id. at 494.
[2] First-degree misdemeanor criminal mischief involves damage greater than $200 but less than $1000. § 806.13(1)(b)2, Fla.Stat. (1993).
[3] Second-degree misdemeanor criminal mischief involves damage of $200.00 or less. § 806.13(1)(b)1, Fla.Stat. (1993).
[4] The victim testified at the subsequent restitution hearing that it cost $1092 to repair the damage to the pickup truck.
[5] Section 39.054(1)(f), Florida Statutes (Supp. 1994), states, in pertinent part, that a court may:

As part of the community control program to be implemented by the Department of Juvenile Justice, or, in the case of a committed child, as part of the community-based sanctions ordered by the court at the disposition hearing or before the child's release from commitment, order the child to make restitution in money, through a promissory note cosigned by the child's parent or guardian, or in kind for any damage or loss caused by the child's offense in a reasonable amount or manner to be determined by the court.
(Emphasis added).
[6] Section 775.089(1)(a), Florida Statutes (Supp. 1994), provides, in pertinent part, that:

In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode, unless it finds clear and compelling reasons not to order such restitution.
[7] Section 775.089(7), Florida Statutes (Supp. 1994), provides that the State has the burden of establishing the amount of restitution by a preponderance of the evidence.
[8] Section 39.11(1)(g) stated, in pertinent part, that:

[The trial court may] order the child or parent to make restitution for the damage or loss caused by his offense in a reasonable amount or manner to be determined by the court.
[9] The statute read in pertinent part:

In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution.
§ 775.089(1)(a), Fla.Stat. (1985).
[10] The 1995 version of section 775.089(1)(a)2 includes an additional restitutionary obligation for "damage or loss related to the defendant's criminal episode" which was not present in the 1985 version of the statute.