699 So.2d 835 (1997)
Otis Michael WATSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-3575.
District Court of Appeal of Florida, Third District.
October 1, 1997.
*836 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Terri León-Benner, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
COPE, Judge.
This is an appeal from an order entered by the circuit court requiring the appellant, Otis Watson, to pay restitution for damages stemming from a grand theft charge.
The State charged Watson by information with a single count of grand theft, alleging that in June 1996, Watson "did knowingly, unlawfully and feloniously obtain or use or did endeavor to obtain or use MIXING BOARDS," which were the property of Kenneth Watkivs, the owner of a sound and lighting company in Broward County. The State subsequently filed a statement of particulars, which averred that "a truck full of equipment" belonging to the victim had been stolen and that some, but not all, of the property had been recovered in a storage unit belonging to the defendant. Watson agreed to enter a plea of nolo contendere to the grand theft charge in the information in return for a sentence of ten years probation and a cap of $204,000 on restitution paid to the victim.
At the restitution hearing, the victim testified that while the mixing boards had been recovered from Watson's storage unit, $125,000 in additional equipment had not been recovered. The victim also testified that because of the theft he had lost $50,000 in income, paid $25,000 to other contractors to fulfill his contractual obligations, and sustained $4000 in damages to the stolen truck. Finding that the victim's testimony was sufficient to connect Watson to the theft of the truck and the equipment it had contained, the trial court ordered him to pay $204,000 in restitution.
Section 775.089(1)(a), Florida Statutes (1995), provides in pertinent part:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode....
To order restitution under this provision, a trial court "must find that the loss or damage is causally connected to the offense and bears a significant relationship to the offense." Glaubius v. State, 688 So.2d 913, 915 (Fla. 1997). The causation and significant relationship tests work in conjunction with, and not independently of, each other. See State v. Williams, 520 So.2d 276, 277 (Fla.1988).
The trial court here found Watson guilty of grand theft of the mixing boards. Thus, the trial court could only have ordered restitution for damages that bore a significant relationship to and were directly or indirectly caused by Watson's act of unlawfully obtaining or using the mixing boards. See id. at 278. The victim's lost income and payments to other contractors were caused by the theft of the mixing boards and were thus proper items for restitution. Similarly, the damage to the truck was sufficiently connected to Watson's act as well. See *837 J.S.H. v. State, 472 So.2d 737, 738 (Fla.1985) (finding that damage to boat bottom was necessary for defendant to perpetrate charged crime of engine-part theft and was thus proper item for restitution).
However, we conclude that the $125,000 award for theft of additional equipment must be reversed, because Watson was not charged with stealing the additional items of property. If Watson had been charged with the theft of this additional equipment, then restitution would have been proper. Watson, however, was only charged with grand theft of the mixing boards. As such, he can only be ordered to pay restitution for damages stemming from that offense. See Faulkner v. State, 582 So.2d 783 (Fla. 5th DCA 1991) (defendant charged with dealing in stolen property consisting of one rifle could not be ordered to pay restitution for second, unrecovered rifle; loss of second rifle was not caused by charged offense). The trial court's order is reversed in part and remanded with instructions to reduce the amount of the restitution award by $125,000.
Affirmed in part, reversed in part, and remanded.