KAHN, J.
The State of Florida seeks review of an order requiring appellee to make restitution for a stolen trailer, but not for certain contents of the trailer, described in the record as “iron and parts.” The sole issue *653 on appeal is whether the State’s failure to specifically charge theft of the iron and parts precludes a restitution order as to those items. The controlling statute and case law do not preclude the restitution order sought by the State. We, therefore, vacate the order and remand for further proceedings.
The order on review in this case found “as a matter of law” that although the iron and parts were located in the stolen trailer, the court could not require restitution for the contents of the trailer because the information charged only theft of the trailer. The circuit judge relied upon Watson v. State, 699 So.2d 835 (Fla. 3d DCA 1997).
Under the restitution statute involved in this case, the trial court “shall order” restitution for (1) damage or loss caused directly or indirectly by the defendant’s offense, and (2) damage or loss related to the defendant’s criminal episode. See § 775.089(1)(a), Fla. Stat. (1999). A trial court may properly assess restitution for uncharged losses resulting from a charged theft where the uncharged losses “resulted directly from [defendant’s] actions which were necessary to perpetrate his crime.” J.S.H. v. State, 472 So.2d 737, 738 (Fla.1985). “It is not necessary that the offense charged describe the damage done in order to support a restitution order but only that the damage bear a significant relationship to the convicted offense.” Id. Accordingly, where the defendant is convicted of burglary, the court may properly enter a restitution order for property taken from the premises during the burglary, but not recovered, even though the State has not charged the defendant with theft. See Hercule v. State, 655 So.2d 1256 (Fla. 3d DCA 1995). See also J.M. v. State, 661 So.2d 1285 (Fla. 4th DCA 1995).
The present case is not analogous to Watson v. State. In that case, someone apparently stole a truck containing several items of equipment. See Watson, 699 So.2d at 836. Watson, however, was never charged with theft of the truck, but only with theft of specific items, those being certain mixing boards. See id. Although the victim testified to a loss of some $125,000 worth of additional equipment, the appellate court found that restitution could not be assessed for theft of the additional equipment because the State did not charge Watson with stealing that equipment. See id. at 837. Nor did the State charge Watson with theft of the truck. Had Watson been charged with theft of the truck, and then assessed restitution for the mixing boards or the other equipment, the case would be closer to the present case. The Third District does not follow a black-letter rule that prevents restitution for items not specifically included in the criminal charge. This is clear from the decision in Hercule v. State. Under J.S.H., the determinative factor is whether the loss of the iron and parts bore a significant relationship to the theft of the trailer. Here, the State argued that because the iron was on the trailer, it was necessarily taken when appellee stole the trailer. The order found that the iron and parts were on the trailer at the time of the theft. The trial court erroneously concluded that Watson precluded restitution for the value of the iron and parts.
We VACATE the restitution order in part and REMAND for further proceedings.
JOANOS, and ALLEN, JJ., CONCUR.