PER CURIAM.
This is an appeal by the respondents J.S. and B.S.B. from adverse findings of delinquency for the offense of dealing in stolen property, to wit: a boat, and an order of disposition entered after a non-jury trial. We affirm.
First, we conclude that the trial court did not commit reversible error, as urged, in allowing the state to question its witness Keith Hill based on a written statement which was given by the witness to the police. Although arguably under the then-effective statute,[1] the state could not, as a general rule, conduct such questioning from the subject statement because the witness had not allegedly given testimony affirmatively prejudicial to the state,[2] [a conclusion as to which we have some doubt], the respondents, in any event, waived any objection to such questioning by cross-examining a prior witness [the investigating police officer] from the same statement (R. 40-45) and by offering no objection when the statement was received in evidence by the trial court upon the state’s offer (R. 46). The statement was therefore properly in evidence before the trial court when Keith Hill was called as a witness, and, under these circumstances, we conclude that it was permissible for the state to ask Hill questions based on this statement. C. Ehrhardt, Florida Evidence § 608.2, at 299 (2d ed. 1984). Compare In Interest of F.R., 539 So.2d 588 (Fla. 1st DCA 1989) (where juvenile objected to challenged evidence both during the examination of the police officer and during the attempted impeachment of the juvenile) with Lowman v. State, 353 So.2d 652 (Fla. 3d DCA 1977) and Kiraly v. State, 212 So.2d 311, 313 (Fla. 3d DCA) (where defense counsel failed to object to the challenged evidence and later referred to it during his own questioning of witnesses), cert. denied, 221 So.2d 747 (Fla.1968).
Second, the trial court properly ordered the respondents to make restitution to the owner of the stolen boat in the amount of $943.00. The evidence below established that the respondents sold the stolen boat to Joseph L. Cassaw who, in turn, damaged the boat by dragging it from a canal across land into a shed in an effort to conceal same. We conclude that the damage to the boat, the amount of which is uncontested, bore a significant relationship to the offense of dealing in stolen property; it can reasonably be expected that when one sells stolen property to another, as here, the latter may very well take drastic measures to conceal same and in the process damage the property. State v. Williams, 520 So.2d 276 (Fla.1988); J.S.H. v. State, 472 So.2d 737 (Fla.1985); § 39.11(l)(f), Fla.Stat. (1987).
Affirmed.

. § 90.608, Fla.Stat. (1987) (since modified Ch. 90-174, § 1, Laws of Fla.).

. See, e.g., Brumbley v. State, 453 So.2d 381, 384 (Fla.1984); Hernandez v. State, 156 Fla. 356, 22 So.2d 781 (1945); Parnell v. State, 500 So.2d 558, 561 (Fla. 4th DCA 1986), rev. denied, 509 So.2d 1119 (Fla. 1987); Austin v. State, 461 So.2d 1380, 1383 (Fla. 1st DCA 1984); § 90.608, Fla. Stat. (1987).