PER CURIAM.
We find merit only in the appellant’s argument that he should not have been ordered to pay restitution for the cost of a home lighting and alarm system installed at the victims’ home after the appellant and his codefendants had been found guilty of breaking into the victims’ van. The restitution order properly included awards for damages to the van and loss of items contained in it.
The state’s argument was that since the appellant’s brother, who was a codefendant in the case, later threatened to rob the victims’ home, they were entitled to be compensated for the installation of lighting and an alarm system at the home to deter efforts to carry out the threat. The trial court should not have included the cost of the home lighting and alarm system in the restitution order since there “is no significant causal relation between the loss and the offense for which [Myers was] convicted.... ” Denson v. State, 556 So.2d 823 (Fla. 1st DCA), rev. dism’d, 562 So.2d 347 (Fla.1990).
We vacate the restitution order and remand for recalculation of the amount of restitution which will exclude the cost of the home burglar alarm system and the home lighting system and any interest originally awarded on the cost of those items. Upon remand no additional evidence needs to be taken to support the other items included in the original order. The trial court may reconsider taxing costs of supervision of probation that were waived in order to give the victims a better opportunity to be paid the costs of the items now deleted.
ORDER VACATED; CAUSE REMANDED.
HARRIS, C.J., and PETERSON and DIAMANTIS, JJ., concur.