STEVENSON, Judge.
Appellant, a juvenile, appeals an order of restitution entered by the trial court after he pled guilty to burglary to a conveyance and grand theft auto. We reverse in part.
After appellant pled guilty to burglary and grand theft auto, the trial court held a restitution hearing to determine the amount of restitution appellant owed to the victim, James Bauer. At the hearing, Bauer testified that his 1986 Honda Prelude was stolen on April 1, 1994, and recovered two days later on April 3, 1994. Apparently, Bauer lost his keys a week or two before the incident and those keys were later used to steal the car. Bauer testified that his ear was returned to him in the same condition that it was stolen except that the steering fluid leaked.
The cost to repair the car was $646.60 as indicated in Bauer’s repair bill. When asked if there were any other expenses, Bauer testified that he had to have his car rekeyed and his house locks changed which cost between $400.00 to $500.00. In clarifying, Bauer stated that approximately $280.00 to $300.00 of the $400.00 to $500.00 was spent on re-keying the car. In addition to those costs, Bauer also testified that there were several items missing from his car when it was returned to him. Those items included: $120.00 in cash, a wallet, a money clip, a driver’s license, antique Roman coins, a brief case, and tools. Bauer estimated that it cost $100.00 to buy the Roman coins, $100.00 to buy the briefcase and $50.00 to buy the tools. Although he did not know the exact fair market value of the rest of the items, Bauer estimated that it cost approximately $10.00 to replace his wallet and driver’s license, and $75.00 to replace the money clip. Based on this testimony, the trial court entered an order of restitution for $1,511.60.
*1286 We agree with appellant that the trial court erred in ordering restitution for the amount that it cost Bauer to change his house locks. The general rule of law is that a juvenile may be ordered to pay restitution for damages that bear a significant relationship to the convicted offense. J.S.H. v. State, 472 So.2d 737 (Fla.1985). See also L.A.D. v. State, 616 So.2d 106, 108 (Fla.lst DCA) (stating that “before restitution may be ordered, there must be a causal or significant relationship between the offense for which the child was adjudicated delinquent and the amount of damages or loss directed to be reimbursed to the victim”), rev. denied, 624 So.2d 268 (Fla.1993); Myers v. State, 629 So.2d 279 (Fla.5th DCA 1993) (finding that the defendant was not responsible for paying for the cost of a home lighting and alarm system installed at the victims’ home after the defendant and his codefendants had been found guilty of breaking into the victims’ van).
In the instant case, Bauer lost his keys and his car was subsequently (and presumably) stolen with those keys. Although he testified that his house keys were on the same key ring as the car keys, his house was not broken into by appellant or by anyone else. Although prudence may have suggested that Bauer obtain new locks for his home, there was no significant causal relation between Bauer’s “loss” in having to pay for new house locks and the offenses which appellant committed. Accordingly, we find that the trial court erred in ordering restitution for the cost Bauer incurred in changing his house locks.
Appellant also suggests that Bauer’s testimony was inadequate to prove the value of the items stolen in the car. We disagree. After reviewing the record we find that there was sufficient evidence presented on the issue of the value of the items stolen.
Finding no further error in the trial court’s ruling, we strike from the order of restitution the cost of $120.00 that Bauer incurred for changing the house locks. In all other respects, we affirm.
REVERSE IN PART; AFFIRM IN PART.
DELL and KLEIN, JJ., concur.