MICKLE, Judge.
Kenneth Owens appeals a restitution order, claiming that (1) the amount imposed was unsupported by competent substantial evidence, (2) the lower court erred in ordering restitution for certain stolen items where there was no significant relationship shown between this loss and the offenses for which he was convicted, and (8) the court failed to consider his ability to pay. We affirm in part, reverse in part, and remand.
Owens pled no contest to one count of burglary and one count of criminal mischief. The charges arose from Owens’ unlawful act of entering into a game room and vandalizing various items located therein. The offenses were committed on August 29, 1995. The plea agreement provided that restitution would be determined at a hearing. Based upon the testimony of the owner of the damaged items, the court set the amount of restitution at $2,785.69, comprised of the following:
$ 148.69 Pool table parts
$ 300.00 Owner’s Labor (8 hrs. @ $37.50/hr)
$ 120.00 Repairman’s Wages (16 hrs. @ $7.50/hr)
$ 600.00 Cigarette Machine
$ 120.00 Cost of Cigarettes (8 cartons @ 16.00)
$ 22.00 Repair to Video
$ 75.00 Repair to Coke Machine
$1400.00 CD Juke Box
We conclude that the state proved the amount of restitution ordered by a preponderance of the evidence, with the exception of the following two sums that were incorrectly calculated and one sum that is unsupported by the evidence. With regard to the pool tables, the cost of parts ($90 for doors and locks, $39.98 for two coin chutes, $6.21 for chrome piece, and $2.50 for door piece) to-talled $138.69, not $148.69. With regard to labor costs to repair the pool tables, the correct amount ordered should have been $75 for the repairman’s work and not $120, as the testimony reflects that he worked only 10 hours, not 16 hours (10 hrs. @ 7.50/hr).[1] Last, with regard to the total cost to repair the soda machine, the labor cost equalled $37.50 and the part $15, totalling $52.50. The record does not support the additional $22.50 ordered. In sum then, we reverse and remand with directions that the order of restitution be reduced by $77.50, bringing the corrected total amount to $2,708.19.
Owens’ second issue, that the lower court erred in ordering him to pay restitution for stolen cigarette cartons where there was no significant relationship shown between this loss and the offenses for which he was convicted, was not preserved for review. See Bayer v. State, 597 So.2d 870 (Fla. 5th DCA 1992) (contemporaneous objection must be made in order to preserve the right to appeal the inclusion of an item of restitution).
As his third issue, Owens claims that the trial judge erroneously failed to consider evidence of his inability to pay restitution. However, the 1995 legislature amended section 775.089(6), Florida Statutes, effective May 8, 1995, to provide that a defendant’s ability to pay is to be considered only when there is an attempt to enforce the restitution order. See Ch. 95-160, § 1, at 1623, Laws of Fla. Hence, no reversible error has been demonstrated.
AFFIRMED in part, REVERSED in part and REMANDED with directions.
WEBSTER and LAWRENCE, JJ., concur.

. The state concedes that these two miscalculations must be corrected.