717 So.2d 175 (1998)
J.S., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2133.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
Richard L. Jorandby, Public Defender, and Bernard S. Fernandez, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise M. Mitchell, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
On February 3, 1997, appellant J.S. was arrested for stealing a bicycle and a tennis racket from the garage of victims Robert and Lori Lacey. Both items were recovered. Appellant pled guilty to burglary of a dwelling, resisting an officer without violence, and second degree petit theft. The trial court withheld adjudication of guilt and placed appellant on community control. One special condition of community control was that appellant pay $590 in restitution to the victims.
To arrive at the restitution figure, the court held a restitution hearing. Mr. Lacey testified that he made $19.97/hour as a driver for UPS. He stated that he had to take an entire day off for a deposition that was scheduled in the middle of the day, one day off for the trial, and one day off for the restitution hearing. Mr. Lacey explained that as a UPS driver, he was required to make deliveries over a nine and a one-half hour circuit drive; he was unable to take off from work for a two or three hour time slot.
*176 Mrs. Lacey testified that she called the State Attorney's Office twice on the Friday before the Monday trial date; after 4 p.m., someone in the prosecutor's office told her that she and her husband "absolutely" had to attend the trial on Monday. This information was incorrect, since appellant had already pled guilty, obviating the need for a trial.
The trial court ordered appellant to pay $480 in restitution for Mr. Lacey's lost wages, calculated as follows: $20/hour × 8 hours = $160/day × 3 days = $480. Appellant challenges this restitution award, arguing that Chapter 39 does not authorize the award of wages lost because of a victim's compliance with the demands of the criminal justice system, after a defendant has been charged with a crime.
Section 39.054(1)(f), Florida Statutes (1995), authorizes a court to order a juvenile "to make restitution ... for any damage or loss caused by the child's offense."[1] This statutory language has been construed to allow restitution for damages that "bear a significant relationship to the convicted offense." J.S.H. v. State, 472 So.2d 737, 738 (Fla.1985); J.K. v. State, 695 So.2d 868, 869 (Fla. 4th DCA 1997). One aspect of such a "significant relationship" is whether there is a causal relationship between the criminal conduct and the loss claimed by the victim. See J.O.S. v. State, 689 So.2d 1061 (Fla.1997); J.K., 695 So.2d at 869; J.S. v. State, 588 So.2d 593 (Fla. 3d DCA 1991).
For example, in J.M. v. State, 661 So.2d 1285 (Fla. 4th DCA 1995), the defendant pled guilty to burglary of a conveyance and grand theft auto. A week before the theft, the victim had lost a ring with his house and car keys. The same keys were used to steal his car. This court disallowed that portion of a restitution award attributable to the money the victim spent to change the locks on his house. We held that
[a]lthough prudence may have suggested that [the victim] obtain new locks for his home, there was no significant causal relation between [the victim's] "loss" in having to pay for new house locks and the offenses which appellant committed.
Id. at 1286. Similarly, in J.M. v. State, 658 So.2d 1128, 1129 (Fla. 2d DCA 1995), the second district found no "significant causal relationship" between a residential burglary and the victim's installation of a security system in his residence. Both J.M. cases demonstrate that the foreseeability of a cost, without more, is insufficient to make an item of loss compensable as restitution under section 39.054(1)(f); there must be a more immediate connection of a loss to the charged criminal conduct for there to be the "significant relationship" contemplated by J.S.H. See J.S. v. State, 588 So.2d 593, 594 (Fla. 3d DCA 1991) (damage caused by buyer of stolen boat "can reasonably be expected" by seller of stolen property); Arling v. State, 559 So.2d 1274 (Fla. 2d DCA 1990) (attorney's fees incurred in interpleader action by victim of dealing in stolen property crime reasonably foreseeable to person who sells stolen property).
In J.B. v. State, 646 So.2d 808 (Fla. 1st DCA 1994), the first district confronted an issue identical to that in this casewhether a juvenile defendant could be required to make restitution to the victims for lost wages attributable to the time spent in attending a restitution hearing. Applying the "significant relationship" test, that court held
that the award of restitution for lost wages was not authorized by law because these lost wages were not causally related to the commission of the crime but resulted from the witnesses' attendance at the hearing.
Id. at 809. Generally, costs resulting from participation in court proceedings are not recoverable, absent a specific statute authorizing them. We recognize that section 775.089(2)(b), Florida Statutes (1997), permits restitution for "income lost by the victim as a result of the offense." Even assuming that section 775.889(2)(b) is applicable to juvenile proceedings, we read it as requiring application of the same "significant relationship" *177 test as section 39.054(1)(f). We agree with the first district that wages lost as a result of attendance at juvenile court proceedings do not bear a "significant relationship" to the underlying criminal offenses, such that they may be the subject of restitution under Chapter 39.
However, appellant has failed to preserve his objection to that portion of the restitution award relating to the deposition and the restitution hearing. At the restitution hearing, defense counsel agreed that the victim was generally entitled to lost wages. No objection was raised to that portion of restitution allocable to the deposition or the restitution hearing. When the trial court questioned the attorneys about the propriety of restitution for lost wages, both attorneys agreed that lost wages were recoverable. Having failed to object to this restitution issue at the hearing, appellant failed to preserve this issue for appellate review. See D.B. v. State, 689 So.2d 420 (Fla. 4th DCA 1997); Owens v. State, 679 So.2d 44 (Fla. 1st DCA 1996); Gliszczynski v. State, 654 So.2d 579 (Fla. 5th DCA 1995); M.A.V. v. State, 643 So.2d 81 (Fla. 2d DCA 1994); Moore v. State, 623 So.2d 842 (Fla. 5th DCA 1993); Bayer v. State, 597 So.2d 870 (Fla. 5th DCA 1992).
This finding that there has been no preservation of a portion of the restitution issues is not in conflict with State v. T.M.B., 23 Fla. L. Weekly S180 (Fla.1998). In that case, the supreme court held that section 924.051, Florida Statutes (1997), was inapplicable to appeals in juvenile proceedings, which are governed by section 39.069, Florida Statutes (1995), now transferred and renumbered as section 985.234, Florida Statutes (1997). The holding of this case does not depend on the preservation rule of section 924.051(3). In D.B., this court applied the requirement of preservation in the trial court to a restitution issue in a juvenile proceeding, aligning itself with the second district in M.A.V., 689 So.2d at 421. In so ruling, we followed a line of authority which predated the enactment of section 924.051,[2] and which arose when section 39.069 controlled appeals in delinquency cases.
As the fifth district observed in Mitchell v. State, 664 So.2d 1099 (Fla. 5th DCA 1995), restitution issues are different from those types of sentencing errors for which no timely objection was required prior to the enactment of section 924.051. See, e.g., State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984). Many sentencing errors may not become apparent until after a written order is filed, so counsel would not be able to raise a contemporaneous objection in the trial court; on the other hand, an award of restitution typically arises from a hearing where the defendant is represented by counsel, witnesses are available for cross-examination, and the court's decision is announced at the hearing. See Mitchell, 664 So.2d at 1100. Because restitution is imposed after a contested adversary hearing, there is no reason to create a different rule than the one prevailing at trial, where a timely objection is necessary to preserve an issue for appeal, absent fundamental error. See Steinhorst v. State, 412 So.2d 332, 338 (Fla.1982), cert. denied, ___ U.S. ___, 118 S.Ct. 616, 139 L.Ed.2d 502 (1997).
Defense counsel timely objected to that portion of the award attributable to the victims' attendance at the trial which had been cancelled.
We reverse the restitution order with instructions to enter a new order requiring payment of $375 in restitution, which includes two days of lost wages and actual damages.
STONE, C.J., and TAYLOR, J., concur.
NOTES
[1] Section 39.053(2), Florida Statutes (1995), permits a court to impose a restitution requirement in cases where adjudication of delinquency is withheld. In Chapter 985, restitution is covered by sections 985.228(4), and 985.231(1)(a)6, Florida Statutes (1997).
[2] Section 924.051, Florida Statutes (1997), was created by the Criminal Appeal Reform Act of 1996, Chapter 96-248, § 4, at 954, Laws of Florida.