CASANUEVA, Judge. A.J.S. challenges an order requiring him to pay $3736.83 in restitution. After A.J.S. admitted to committing the offenses of burglary and obstructing an officer without violence, the trial court withheld adjudication of delinquency and sentenced him to one day of probation. Thereafter, the trial court conducted a restitution hearing and determined that A.J.S. and his code-fendant' owed restitution to the church they burglarized, the First Baptist Church of St. Petersburg. On appeal, A.J.S. argues that the trial court erred by ordering him to pay restitution for the purchase of Lifel-ock, Inc., memberships for thirteen church employees, which totaled $3430.83. We agree and reverse. At the restitution hearing, Philip Gregory Lilly testified that he is the executive pastor at First Baptist Church. Mr. Lilly testified that some cash and a thumb drive had been taken during the burglary, and the thumb drive contained the home addresses, social security numbers, and birth dates of thirteen church -employees.[1] Mr. Lilly testified that the thumb drive was never returned, so he purchased a Lifelock membership for the employees to protect their personal information, and the total cost of the memberships was $3430.83.[2] A trial court may order a juvenile to pay restitution pursuant to section 985.437(2), Florida Statutes (2015), “for any damage* or loss caused by the child’s offense in a reasonable amount or manner to be determined by the court.” The damage or loss at issue in this case was the loss of the thumb drive. Mr. Lilly did not assert that there was any damage or loss incurred by the church’s employees as a result of the theft. Although -there are no cases on point, we conclude that the purchase of Lifelock in this case is akin to the purchase of a security system, as it protects the victim against future harm. ■ In J.M. v. State, 658 So.2d 1128, 1129 (Fla. 2d DCA 1995), this court held that it was improper to include “the cost of the after-acquired security system in the restitution order because the relationship between the system and [the appellant’s] delinquent acts was not the significant causal relationship contemplated by the statute.” See also Rich v. State, 890 N.E.2d 44, 52-53 (Ind. Ct. App. 2008) (holding that the trial court abused its discretion in ordering the appellant to -pay restitution for the victims’ security system, reasoning that the “home is now protected from future, unrelated break-ins, and their home is in a better condition than before [the] break-in”); In re T.W., 268 Ill.App.3d 744, 205 Ill.Dec. 882, 644 N.E.2d 438, 439 (1994) (holding that trial court improperly ordered restitution for security lights after burglary because restitution “does not provide for reimbursement of the cost of security measures added by a victim following the commission of an offense”). However, we note that the theft of the personal information in the present case could, if the information were given to persons who used it improperly, place the victim at a greater risk of harm, unlike the burglary of a home. In J.M. v. State, 661 So.2d 1285, 1285 (Fla. 4th DCA 1995), the Fourth District addressed a similar issue where the appellant pleaded guilty to grand theft auto and burglary, and the victim’s keys, which had been lost the week before, were used to steal the car. The Fourth District held that the trial court erred in requiring the appellant to pay restitution for the cost of changing the victim’s house locks. Id. at 1286. “Although prudence may have suggested that [the victim] obtain new locks for his home, there was no significant causal relation between [the victim’s] ‘loss’ in having to pay for new house locks and the offenses which appellant committed.” Id, In the present case, Mr. Lilly purchased Lifelock to prevent possible future damages. As in J.M., although prudence may have suggested that the church or the employees purchase Lifelock, there was no significant causal -relationship between the burglary and the purchase of Lifelock. See id It was a security measure taken to protect against prospective damages. We note that the statute criminalizing the use of personal identification information, section 817.568(15)(a), Florida Statutes (2015), allows restitution for costs acquired by the victim in clearing the victim’s credit rating and credit history. However, this presumes that there has been actual damage to the victim’s credit history and credit rating. The statute does not provide for prospective damage when a person’s identification has been used unlawfully. Accordingly, the trial court erred in ordering A.J.S. to pay restitution for the purchase of Lifelock memberships for church employees totaling $3430.83, ánd we reverse that portion of the restitution order. The disposition and restitution orders are otherwise affirmed. Affirmed in part, reversed in part, and remanded. LUCAS and BADALAMENTI, JJ., Concur. ; AJ.S.’s codefendant took the thumb drive. . None of the employees were victims of identity theft.