GROSS, Judge.
As part of a negotiated agreement, appellant entered a plea of guilty to burglary of a dwelling. The court withheld adjudication of delinquency and placed appellant on juvenile community control. One special condition was that appellant pay restitution to the victim of the burglary.
To set the amount of restitution, the trial court held a restitution hearing. Among the items taken was a cellular phone. The victim paid twenty-five cents for the phone when he signed up for a two-year contract requiring him to pay thirty dollars a month for cellular service. The victim entered into the contract one month before the burglary. The cost of a similar replacement phone was $290. The victim was entitled to cancel the contract prior to its expiration, incurring a cancellation fee of $400. The trial court awarded twenty-five cents in restitution for the cellular phone and $690 for the victim’s remaining obligation on the contract, based on the total of all payments due under the contract less the first thirty dollar payment.
The general rule is that a juvenile may be ordered to pay restitution for damages that bear a significant relationship to the convicted offense. J.M. v. State, 661 So.2d 1285, 1286 (Fla. 4th DCA 1995); J.S.H. v. State, 472 So.2d 737, 738 (Fla.1985); § 39.054(1)(f), Fla. Stat.(1995). To apply the rule, a court must look to see if there is a causal relationship between the criminal conduct and the loss claimed by the victim. See J.M., 661 So.2d at 1286. In setting a monetary amount for restitution, a court is not limited to the damage calculation that would be recoverable in a civil action, but “may exercise its discretion as required to further the purposes of restitution.” See State v. Hawthorne, 573 So.2d 330, 332-33 (Fla.1991). Section 39.054(l)(f) provides that a juvenile may be ordered to make restitution “for any damage or loss caused by the child’s offense in a reasonable amount and manner to be determined by the court.”[1] (Emphasis supplied). The discretion accorded to the trial court in setting restitution derives from the fact that its purpose is not only to compensate the victim. As the supreme court observed in Hawthorne,
[t]he purpose of restitution is not only to compensate the victim, but also to serve the rehabilitative, deterrent, and retributive goals of the criminal justice system. The trial court is best able to determine how imposing restitution may best serve those goals in each case.
573 So.2d at 333 (quoting Spivey v. State, 531 So.2d 965, 967 (Fla.1988)).
A restitution award may take into consideration that the timing of repayment may cause the victim to suffer additional loss. A final judgment in a civil case speaks instantly; it fixes the amount due and compensates a plaintiff for a delay in payment by including an award of post-judgment interest. Although a restitution order may be enforced in the same manner as a civil judgment,[2] recovery in this manner is unusual; restitu *870 tion is more likely to occur when it is made a condition of a criminal sentence. To set restitution as part of probation or community control, a court must evaluate factors in addition to the victim’s loss. This is especially true in a juvenile ease, where the award cannot exceed the child’s or parent’s ability to pay. § 39.054(l)(a)l, Fla. Stat. (1995). A court may retain jurisdiction over a juvenile until a “restitution order is satisfied.” § 39.022(4)(e) Fla. Stat. (1995). For these reasons, in awarding restitution, the court may consider that reparations will be made over time and award those damages that the victim will suffer as a result of delayed payment.
The starting point for setting restitution for an item of stolen personal property is its fair market value at the time of the theft. See Domaceti v. State, 616 So.2d 1148 (Fla. 4th DCA 1993). Here, the phone was tied to a contract which required the victim to make monthly payments. Restitution might properly have included the fair market value of the phone and the loss of use of the cellular service during that time that it reasonably took the victim to secure a replacement.[3] If, because of the victim’s finances and the manner or timing of restitution payments, the victim would be unable to obtain a phone to use the cellular service, then the trial court might have awarded the $400 cancellation fee as restitution. The award of $690 for the contract alone overcompensated the victim for his loss. If he had been unable to use the contract, the victim could have cancelled it and been obligated for only $400. Restitution has not abandoned the concept of mitigation of damages.
We also remand to the trial court for consideration under section 39.054(l)(a)l, Florida Statutes (1995), of the amount of restitution that the “child and the parent or guardian could reasonably be expected to pay or make.” See A.J. v. State, 677 So.2d 935, 938 (Fla. 4th DCA 1996). Unlike restitution as part of adult probation, where section 775.089 imposes no duty on the trial court to make affirmative findings of ability to pay before ordering restitution, Schotsch v. State, 670 So.2d 127, 129 (Fla. 4th DCA 1996), section 39.054(l)(a)l provides that the amount of restitution in a juvenile proceeding “may not exceed” the financial capabilities of the offender and the parents. Due to the youth of the offender, Chapter 39 imposes this limitation on the restitution required by section 775.089 Florida Statutes (1995). See § 39.001(l)(e), Fla. Stat. (1995) (identifying as a purpose of Chapter 39 to provide restitution “whenever” possible).
We reverse that portion of the restitution order awarding $690.25 for the cellular phone and service contract and remand for reconsideration of those items of restitution and of the restitution award as a whole under section 39.054(l)(a)l.
FARMER and STEVENSON, JJ., concur.

. The criminal restitution statute also broadly defines the type of loss that is compensable through restitution. Section 775.089(l)(c) defines a "victim” as each person who suffers "property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant’s offense or criminal episode.”

. § 775.089(5), Fla. Stat. (1995).

. We note that a broader scope of compensation is available to a victim in criminal court for restitution for lost items of personal property than in a civil action for conversion, where damages are limited to the fair market value of the property at the time of the conversion plus legal interest to the date of the verdict. See Florida Farm Bureau Cos. Ins. Co. v. Patterson, 611 So.2d 558, 559-60 (Fla. 1st DCA 1992); Cutler v. Pelletier, 507 So.2d 676 (Fla. 4th DCA 1987).