POLEN, J.
D.M., a child, pled no contest to leaving the scene of an accident with personal injury and to culpable negligence resulting in infliction of personal injury. The court withheld adjudications of delinquency, placed him on community control, and, as a condition of community control, ordered him to pay the victim restitution. It reserved jurisdiction to determine the amount of the restitution.
Two days later, a restitution hearing was held. D.M. argued at the hearing that the court should apportion restitution between himself and the victim, because she (the victim) was partly at fault in causing her injuries. The court imposed full restitution against D.M. in the amount of $20,-698.41. D.M. appeals from this latter order as it relates to the court’s failure to apportion restitution. We affirm.
*753 The victim sustained her injuries after she jumped onto the hood of the car that D.M. was driving. When she jumped onto the hood, D.M. accelerated the speed of the car, but then suddenly applied the brakes. The victim then fell off the hood and onto the ground. D.M. was subsequently charged with, and he pled no contest to, leaving the scene of an accident with personal injury and culpable negligence inflicting personal injury.[1]
At the restitution hearing, D.M., who was 15, stipulated that the amount of the victim’s loss was $20,698.41. However, he contested the reasonableness of making him pay the full amount because he was in school and had no job,[2] and because the victim was partially at fault for her own injuries. He concluded that because he was not 100% liable for all her damages, the court should apportion restitution between him and the victim.
The court refused to consider evidence or argument regarding the apportionment issue. It ordered D.M. to pay restitution in the amount of $20,698.41, payable in the amount of $50 per month.
D.M. posits that the court reversibly erred by failing to entertain evidence as to whether apportionment in this case was proper. The general rule is that a juvenile may be ordered to pay restitution for damages that bear a significant relationship to the convicted offense. J.M. v. State, 661 So.2d 1285, 1286 (Fla. 4th DCA 1995); § 985.231, Fla. Stat. (1997). In setting a monetary amount for restitution, a court is not limited to the damage calculation that would be recoverable in a civil action, but “may exercise its discretion as required to further the purposes of restitution.” J.K. v. State, 695 So.2d 868, 869 (Fla. 4th DCA 1997).
In this regard, we hold the court did not abuse its discretion in refusing to apportion restitution between D.M. and the victim. Notwithstanding that D.M. fails to cite to any case in which the court permitted apportionment between a criminal defendant and a victim, the record reflects that the trial court considered D.M.’s proffer and rejected it. As such, we affirm. Cf. Spivey v. State, 531 So.2d 965, 967 (Fla.1988)(holding that where a defendant commits a criminal offense in concert with others, a trial court has discretion to apportion restitution in any appropriate manner).
AFFIRMED.
DELL and GROSS, JJ., concur.

. He was also charged with aggravated battery, but the state nolle prossed this count.

. D.M.'s inability to pay the amount of restitu- . tion ordered is not an issue on appeal.