STONE, J.
L.H., a juvenile, was convicted on charges of shooting a deadly missile and criminal mischief. We reverse that portion of the delinquency order directing L.H. to pay restitution of $3,231.32.[1]
We find no error in that portion of the order requiring L.H. to reimburse car repair costs of $14.15 paid by the victim and $1,185.77 paid by the insurance company. However, the record reflects that the balance of the ordered restitution, $1,834.40 in lost wages incurred after the victim was fired for being late for work, and $200 as reimbursement for fuel and other expenses related to the victim’s job search, is not significantly related to the crimes for which he was convicted.
For restitution to. be deemed reasonable, it must bear a significant relationship to the convicted offense. See J.S.H. v. State, 472 So.2d 737, 738 (Fla.1985). A factor in determining whether a significant relationship exists is whether there is a causal connection between the criminal conduct and the loss claimed by the victim. J.S. v. State, 717 So.2d 175, 176 (Fla. 4th DCA 1998). In J.S., this court held that wages lost as a result of the victim’s attendance at court proceedings did not bear a “significant relationship” to the underlying criminal offenses. Id.; see also J.M. v. State, 658 So.2d 1128, 1129 (Fla. 2d DCA 1995)(error to order restitution for a security alarm the victim installed after the burglary).
The offending portion of the restitution in this case is based on a chain of events in which L.H. damaged the victim’s car, the damage done to the car caused the victim to seek transportation elsewhere, the new source of transportation was unreliable and he began to arrive late for work, and due to his late arrival on more than one occasion, the victim’s employer fired him. Because his employer fired him, the victim had to seek new employment and, while looking for new employment, he expended $200 in gas.
We recognize that restitution serves a broader purpose than mere compensation of the -victim; it also serves the rehabilitative, deterrent, and retributive goals of the criminal justice system. Glaubius v. State, 688 So.2d 913, 915 (Fla.1997); J.K. v. State, 695 So.2d 868, 869 *864 (Fla. 4th DCA 1997). Nevertheless, a “significant relationship” analysis is required. J.S., 717 So.2d at 176-77. We note that, here, the offense did not result in bodily injury to the victim.
All other issues raised on appeal are moot. We remand for modification of the order.
KLEIN and SHAHOOD, JJ., concur.

. We note the existence of an error in the trial court's calculation; however, the error, amounting to a $4.00 discrepancy, is demi-nimis.