CASANUEVA, Judge.
Marian B. Henry appeals from a restitution order, contending the amount ordered was not proven. We agree to the extent that we are unable to determine the basis for the amount awarded and reverse.
Ms. Henry pleaded guilty to one count of exploitation of an elderly person, her father. She disputes the restitution amount of $239,899.93 ordered by the court following an evidentiary hearing. At the restitution hearing the State called no witnesses but instead relied only upon documentary evidence consisting of financial data, including credit card records, a spreadsheet summarizing financial transactions, and other documents. Ms. Henry testified that the amount she misappropriated was only $112,886.87.
Section 775.089(l)(a), Florida Statutes (2001), requires that restitution be ordered for damages or loss caused directly or indirectly by the defendant’s offense. It is the State’s burden of proof to establish the amount of loss the victim sustained. Here, the record shows that Ms. Henry utilized a power of attorney granted by her father to handle his financial affairs to perpetrate this offense. The State presented evidence showing a massive reduction of her father’s savings while Ms. Henry was exercising the power of attorney. Ms. Henry introduced some receipts for construction work on her father’s property that the trial court accepted as proof that several withdrawals she had made were properly expended for her father’s needs. Otherwise, the State’s documentary evidence showed primarily a cash flow into and out of her father’s accounts.
The trial court’s factual findings are not detailed enough for us to determine the basis for a finding of $239,899.93 worth of misappropriations. Because the documentary evidence does not establish that all individual expenditures were improper, we remand for further proceedings — either for the trial court to make sufficient findings or for the State to provide evidence substantiating the amount it seeks. See Glaubius v. State, 688 So.2d 913 (Fla.1997) (holding that evidence to establish a restitution order must be based on more than mere speculation). Even though the victim once possessed substantial sums and now does not, that fact alone does not establish that the difference was misappropriated.
The trial court concluded that Ms. Henry’s testimony lacked credibility. However, her testimony referred only to a small portion of the thousands of dollars expended. We remand so that the State may show the monies were wrongfully spent, not merely spent, or so that the trial court may provide more detailed factual findings as a basis to support the amount of restitution ordered.
Reversed and remanded with instructions.
FULMER, J., and THREADGILL, EDWARD F„ SENIOR JUDGE, Concur.