ROSENBERG, ROBERT A., Associate Judge.
Appellant, J.R., timely appeals his sentence and order of restitution. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.145(b)(2).
A petition for delinquency was filed against appellant on a charge of battery which occurred on December 14, 2001. Appellant entered a plea of no contest. The victim at the sentencing hearing requested restitution to cover the cost of sneakers that were lost during or subsequent to the melee. Defense counsel objected and stated that the sneakers were not connected to the battery. The trial court overruled and ordered restitution. We reverse and remand.
The trial court erred in ordering restitution for the sneakers without evidence of causation and a significant relationship to the charge of battery.
In reviewing an order of restitution, this court must consider whether the trial court abused its discretion. Hebert v. State, 614 So.2d 493, 494 (Fla.1993). A ruling on a question of fact must be supported by competent substantial evidence. State v. Glatzmayer, 789 So.2d 297, 301 (Fla.2001).
Section 775.089(l)(a), Florida Statutes (2001), provides in part:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant’s offense; and
2. Damage or loss related to the defendant’s criminal episode, unless it finds clear and compelling reasons not to order such restitution.
Section 985.231(l)(a)6, Florida Statute (2001), from the Delinquency chapter, provides:
(l)(a) The court that has jurisdiction of an adjudicated delinquent child may, by an order stating the facts upon which a determination of a sanction and rehabilitative program was made at the disposition hearing:
[[Image here]]
6. As part of the probation program to be implemented by the Department of Juvenile Justice, or, in the case of a committed child, as part of the community-based sanctions ordered by the court at the disposition hearing or before the child’s release from commitment, order the child to make restitution in money, through a promissory note cosigned by the child’s parent or guardian, or in kind for any damage or loss caused by the child’s offense in a reasonable amount or manner to be determined by the court.
(Emphasis added.)
In D.M. v. State, 755 So.2d 752 (Fla. 4th DCA 2000), this court stated, citing section 985.231, that “[t]he general rule is that a juvenile may be ordered to pay restitution for damages that bear a significant rela *985 tionship to the convicted offense.” Id. at 753.
More recently, in Schuette v. State, 822 So.2d 1275 (Fla.2002), the supreme court has held:
Although never explicitly stated in our prior restitution cases, it would appear that the Court has equated the “significant relationship” test with the requirement of proximate causation between the criminal act and the resulting damages because the Court has required both a “but for” causation requirement and a “significant relationship” requirement.
Id. at 1282.
Prior to the supreme court’s decision in Schuette, this court held in a juvenile case, L.H. v. State, 803 So.2d 862, 863 (Fla. 4th DCA 2002):
For restitution to be deemed reasonable, it must bear a significant relationship to the convicted offense. See J.S.H. v. State, 472 So.2d 737, 738 (Fla.1985). A factor in determining whether a significant relationship exists is whether there is a causal connection between the criminal conduct and the loss claimed by the victim. J.S. v. State, 717 So.2d 175, 176 (Fla. 4th DCA 1998).
In the instant case, the State has failed to present any evidence of a relationship between appellant’s battery upon the victim and the victim’s loss of his sneakers. Although there may have been evidence, no evidence was presented and the trial judge ordered restitution without competent substantial evidence to support the award. The State argues that because this was a battery which it describes as “an invasion of the victim’s personal space,” it was reasonably foreseeable that the appellant would pull at the victim’s shoes and clothing. However, the only evidence of what happened indicates that appellant struck the victim in the head. Section 775.089 contemplates an evidentia-ry hearing when there is a dispute as to restitution. Appellant objected below to the imposition of restitution and he was entitled to a hearing where the State would have the burden of proving a significant relationship between the offense and the loss. Accordingly, the order of restitution is hereby set aside and the cause remanded for a hearing on the restitution issue.
STONE, J., concurs.
POLEN, J., concurs specially with opinion.