881 So.2d 78 (2004)
S.M., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3011.
District Court of Appeal of Florida, Fifth District.
August 20, 2004.
*79 James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison L. Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
S.M. appeals a restitution order imposed against her. Because the State failed to present evidence that S.M. caused the damages sought, we reverse the restitution order.
S.M. was arrested for grand theft auto after she and two co-defendants were stopped in possession of a stolen vehicle. The State filed a delinquency petition charging S.M. with trespass in a conveyance to which S.M. pled nolo contendere. The car owner filed a restitution request seeking $1,500 in restitution for 100 compact discs and $1,147.71 for damage to the car and towing charges. Attached to the restitution request was an estimate of the value of the compact discs as well as receipts and estimates for the damage to the vehicle and towing charges.
At the disposition hearing, defense counsel objected to restitution and argued that there was no evidence to show that S.M. caused any of the damage involved. The lower court ordered restitution and reserved jurisdiction as to the amount, stating, "It's my understanding that in a juvenile system there's not a need for a direct cause-and-effect relationship for a restitution."
At the restitution hearing, defense counsel again objected to restitution and to the "bills" in the amount of $2,647.71 on the ground that S.M. was charged with and pled to trespass, not theft, and that there was no evidence that S.M. caused damage to the vehicle or stole the CDs. The State did not call any witnesses at the hearing. Instead, the State simply stated, "We have a restitution request form here for $2,647.71, along with copies of the receipts for damages for the upholstery and the interior. At this time, Your Honor, the State would ask that this Court order restitution for the victims." Defense counsel reiterated that there was no evidence upon which to order restitution, but over defense objection, the Court entered restitution in the amount of $1,897.71. This amount represented the sums requested for damage to the vehicle and towing charges as well as half of the amount requested for the CDs.
On appeal, S.M. correctly argues that the lower court abused its discretion in ordering restitution without any evidence that S.M. caused the damages sought. Section 985.231(1)(a)6., Florida Statutes (2002), gives the court authority to order restitution "for any damage or loss caused by the child's offense...." Interpreting this statute, the court in J.R. v. State, 857 So.2d 983, 984 (Fla. 4th DCA 2003), stated *80 that the general rule is that a juvenile may be ordered to pay restitution "for damages that bear a significant relationship to the convicted offense," quoting D.M. v. State, 755 So.2d 752, 753 (Fla. 4th DCA 2000). In J.R., the defendant pled no contest to battery. At the sentencing hearing, the victim requested restitution to cover the cost of sneakers lost during or subsequent to the incident. Defense counsel objected on the grounds that the sneakers were not connected to the battery. The trial court ordered restitution for the sneakers. The appellate court reversed, stating:
The State has failed to present any evidence of a relationship between the appellant's battery upon the victim and the victim's loss of his sneakers. Although there may have been evidence, no evidence was presented and the trial judge ordered restitution without competent substantial evidence to support the award.... Section 775.089 contemplates an evidentiary hearing when there is a dispute as to restitution. Appellant objected below to the imposition of restitution and he was entitled to a hearing where the State would have the burden of proving a significant relationship between the offense and the loss. Accordingly, the order of restitution is hereby set aside and the cause remanded for a hearing on the restitution issue.
Id. at 985.
Similarly, in the instant case, S.M. was charged with trespass in a conveyance. At the restitution hearing, the State failed to present any evidence showing that S.M. was responsible for damaging the vehicle or stealing the CDs. Accordingly, the trial court abused its discretion in ordering restitution for these items without competent substantial evidence of a significant relationship between the offense and the loss. We reverse the restitution order and remand for a new restitution hearing. J.R.
REVERSED; REMANDED.
THOMPSON and MONACO, J.J., concur.