968 So.2d 112 (2007)
Luis Ivanhoe SORIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4514.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
*113 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant, Luis Soriano, appeals from a restitution order entered pursuant to his conviction for grand retail theft. The trial court ordered him to pay $10,000 after hearing testimony of a loss prevention officer who viewed a security video of the appellant leaving an Albertson's grocery store with five shopping carts of merchandise. We conclude that the court erred in awarding the amount of restitution as the evidence was legally insufficient to support the award.
Soriano and a co-defendant were both employees at Albertson's when they were seen after hours taking carts of merchandise from the store. They were subsequently charged by information with grand retail theft of a value of $300 or more. In accordance with a plea agreement, Soriano pled guilty and was sentenced to twenty-four *114 months of probation and ordered to pay restitution.
An evidentiary hearing was held to determine the amount of the restitution. The state's sole witness was Joseph Manderine, the District Loss Prevention Manager for Albertson's in South Florida. Manderine testified to the gross loss of the store during the third quarter of the year in which the theft took place, which was $90,000 more than the prior year's loss and $198,314 more than the anticipated loss, a part of which Manderine attributed to Soriano's theft. However, the court sustained hearsay objections to the introduction of business records supporting this testimony, in light of the state's objections that he was not the records custodian as well as the fact that the thefts for which Soriano was charged happened in the fourth quarter. Thus, this evidence provided no support for the amount of restitution.
Manderine also testified to viewing part of a surveillance video of Soriano taking shopping carts from the store filled with goods. He did not view all five of the shopping carts that Soriano took. From these surveillance videos, Manderine determined the value of the items that were visible, and estimated the value of the items remaining in the carts. He did not testify what those items were. Based on what Manderine "saw going on in the video and so forth," he estimated that Soriano took over $10,000 in product. Although Soriano might have taken a lot more, Manderine could only attribute $10,000 to Soriano based on what he saw in the video.
On cross-examination, he viewed several photographs taken from the video and admitted that the carts contained a lot of paper goods. He conceded that the $10,000 was an estimate, albeit what he contended was a low one based upon what he saw in the video. Then, on redirect he stated that the $10,000 was not an estimate: "Oh, we estimate  well, we couldn't estimate. But we do know that by what we saw the product going out that it would be over $10,000 worth of merchandise." Manderine explained that Albertson's thought it would be fairest to ask for the low ball figure.
While admitting that the evidence submitted by Albertson's was an estimate, the trial court nevertheless found that the state met its burden and ordered $10,000 in restitution. Soriano appeals.
The trial court's determination of the amount of restitution is subject to an abuse of discretion standard of review. See State v. Hawthorne, 573 So.2d 330 (Fla.1991); Yaun v. State, 898 So.2d 1016 (Fla. 4th DCA 2005). "Restitution must be proved by substantial competent evidence." Koile v. State, 902 So.2d 822, 824 (Fla. 5th DCA 2005).
Absent clear and compelling reasons not to order restitution, a court shall order restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense. § 775.089(1)(a), Fla. Stat. Where the proper amount of restitution is in dispute, the burden is on the state to prove the amount of the loss by a preponderance of the evidence. § 775.089(7), Fla. Stat. "Such evidence must be established through more than mere speculation; it must be based on competent evidence." Glaubius v. State, 688 So.2d 913, 916 (Fla.1997). "The mere speculation or opinion of a victim as to the amount of their loss is insufficient to sustain a restitution order." Rodriguez v. State, 956 So.2d 1226, 1231 (Fla. 4th DCA 2007).
The state presented no evidence of the specific items taken or their value. At a minimum, owners of stolen property *115 should be required to identify what items were stolen in order to obtain restitution. Fisher v. State, 722 So.2d 873, 874 (Fla. 1st DCA 1998). Although some merchandise was visible in photographs the state never offered evidence of a list of what was stolen other than what was seen in the videos. The loss prevention manager admitted that he did not see all five shopping carts in the surveillance video. Without even seeing the merchandise in the carts, we fail to understand how he could possibly establish what was stolen, let alone its value.
Even as to value, the state presented legally insufficient proof for a $10,000 award of restitution. Generally, the amount of restitution is established through evidence of fair market value at the time of the theft. Hawthorne, 573 So.2d at 333; Domaceti v. State, 616 So.2d 1148, 1149 (Fla. 4th DCA 1993). "Fair market value may be established either through direct testimony or through production of evidence relating to all of the following four criteria: (1) the original cost, (2) the manner in which the items were used, (3) their general condition and quality, and (4) the percentage of depreciation." Domaceti, 616 So.2d at 1149. However, restitution cannot exceed the amount of actual damages suffered by the victim. See Fresneda v. State, 347 So.2d 1021, 1022 (Fla.1977) ("[A] condition of probation requiring a probationer to pay money to, and for the benefit of, the victim of his crime cannot require payment in excess of the amount of damage the criminal conduct caused the victim.").
The loss prevention officer offered only an estimate of value not based upon the specific items stolen and their cost. The mere opinion of a victim as to the value of its stolen property is insufficient to establish that value, absent a sufficient predicate showing a basis for the opinion. Peters v. State, 555 So.2d 450, 451 (Fla. 4th DCA 1990). Here, the loss prevention manager did not provide a basis for his opinion.
Because the state produced no legally sufficient evidence to support the amount of restitution ordered, the trial court abused its discretion. We reverse and remand for the court to redetermine the amount of restitution in accordance with this opinion.
HAZOURI, J., and CHUMBLEY, DOUGLAS J., Associate Judge, concur.