FARMER, J.
 

 In this case involving a conviction for grand theft, we confront an order fixing restitution without evidence and consequently reverse. In the probable cause affidavit, which was the basis for the charge, the officer stated that defendant had essentially confessed to stealing approximately $8,000 in merchandise from his employer. Defendant pleaded guilty, and a sentencing and restitution hearing was set for a later day.
 

 At the hearing, the State requested a continuance on the issue of restitution because it had no witnesses to testify as to the value of the stolen goods. Defendant objected to a continuance and prayed for no restitution because of the failure of evidence. At that point the trial judge referred to the probable cause affidavit and decided to set the amount of restitution at $8,000, saying “I want to set an amount now so you can start paying it back.”
 

 Later defendant filed a motion to correct the sentencing order by deleting the amount for restitution. He argued that he had sought to obtain evidence as to the precise merchandise claimed and the appropriate amount for it. The State objected on the grounds that defendant had agreed to pay $8,000. The court denied the motion. Defendant now appeals the order on restitution.
 

 In
 
 Soriano v. State,
 
 968 So.2d 112 (Fla. 4th DCA 2007), we explained:
 

 “ ‘Restitution must be proved by substantial competent evidence.’ ... Where the proper amount of restitution is in dispute, the burden is on the state to prove the amount of the loss by a preponderance of the evidence. § 775.089(7), Fla. Stat. ‘Such evidence must be established through more than mere speculation; it must be based on competent evidence.’ ‘The mere speculation or opinion of a victim as to the amount of their loss is insufficient to sustain a restitution order.’...
 

 At a minimum, owners of stolen property should be required to identify what items were stolen in order to obtain restitution.... ‘Fair market value may be established either through direct testimony or through production of evidence relating to all of the following four criteria: (1) the original cost, (2) the manner in which the items were used, (3) their general condition and quality, and (4) the percentage of depreciation.’ ” [c.o.]
 

 968 So.2d at 114-15. Contrary to the State’s argument there is no evidence of either an agreement by defendant to pay a specific sum or evidence
 
 complying
 
 with the foregoing requirements of proof.
 

 Reversed.
 

 HAZOURI and CIKLIN, JJ„ concur.