PER CURIAM.
The appeal taken by Appellant, Marcus Eugene Means, makes six arguments challenging his four convictions and sentences for grand theft auto (Count I); obtaining a vehicle with intent to defraud by trick or false representation (Count II); stopping payment on a check (Count III); and giving a false name or identification to a police officer (Count IV). We find no merit in four of Appellant’s arguments and affirm without discussion. Appellant is *752 correct, however, as to his arguments regarding double jeopardy and the restitution ordered by the trial court, and so we reverse these aspects of his case below.
First, Appellant argues that his dual convictions for grand theft auto and obtaining a vehicle with intent to defraud by trick or false representation, based on the same transaction, amount to being convicted and punished for the same offense in violation of constitutional protections against double jeopardy. See Vasquez v. State, 711 So.2d 1305, 1306-07 (Fla. 2d DCA 1998). The State does not disagree, but rather concedes that Appellant asserts a valid double jeopardy argument. Because the parties’ agreement on Appellant’s double jeopardy argument is well-taken, we hold Appellant’s dual convictions for grand theft auto and obtaining a vehicle with intent to defraud by trick or false representation are impermissible.
Finding impermissible dual convictions, we now must determine which conviction to set aside. In Pizzo v. State, the Florida Supreme Court directed appellate courts in this situation to set aside the conviction on the lesser offense and to affirm the greater offense. 945 So.2d 1203, 1206 (Fla.2006); see also State v. Barton, 523 So.2d 152, 153 (Fla.1988) (holding that when one of two convictions must fall under a double jeopardy analysis, the conviction of the lesser crime should be set aside). According to Pizzo, the lesser offense is that in which the elements of the crime “are always subsumed within the greater, without regard to the charging document or evidence at trial.” 945 So.2d at 1206 (quoting State v. Florida, 894 So.2d 941, 947 (Fla.2005)); see also State v. McCloud, 577 So.2d 939, 941 (Fla.1991).
In this case, a comparison of the elements of both offenses reflects that all the elements of obtaining a vehicle with intent to defraud by trick or false representation under § 817.52(1), Florida Statutes, (Count II), are included within the elements of grand theft under § 812.014(1), (Count I).[1] Accordingly, we reverse Appellant’s judgment and sentence on the lesser offense in Count II, obtaining a vehicle with intent to defraud by trick or false representation, and affirm Appellant’s judgment and sentence on the greater offense in Count I, grand theft auto.
Appellant raises a second meritorious argument with respect to his sentence. He claims he was erroneously ordered to pay restitution in the amount of $31,540, whereas the highest amount referred to at trial was $15,945. Here, once again, the State concedes that the amount of restitution ordered does not comport with the evidence. It is well settled that the amount of restitution cannot exceed the actual damages suffered by the victim, Soriano v. State, 968 So.2d 112, 115 (Fla. 4th DCA 2007), and must be proven by substantial competent evidence. Glaubius v. State, 688 So.2d 913, 916 (Fla.1997); Koile v. State, 902 So.2d 822, 824 (Fla. 5th DCA 2005). Because the evidence does not support a restitution amount greater than $15,945, we reverse the order of restitution to pay $31,540 and remand for a new determination of the proper restitution amount.
*753 Accordingly, we affirm Appellant’s convictions and sentences on Counts I, III, and IV. We reverse Appellant’s conviction and sentence on Count II and remand with instructions to the trial court to dismiss Count II. We also reverse the restitution order and remand to the trial court for a new determination of restitution.
AFFIRMED in part, REVERSED in part and REMANDED.
VAN NORTWICK, MARSTILLER, and OSTERHAUS, JJ., concur.

. The elements of obtaining a vehicle with intent to defraud by trick or false representation are: (1) intent to (2) obtain a vehicle by [3] defrauding the owner or any person lawfully possessing the vehicle by trick or false representation. § 817.52(1), Fla. Stat. (2013). The elements of grand theft are: (1) knowingly (2) obtaining or using, or endeavoring to obtain or use the property of another (3) with intent to deprive the person of a right to the property or to appropriate the property to one’s own use. Id. § 812.014(1). See also Fla. Std. Jury Instr. (Crim.) 14.1.