DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**CHRISTINA PRINZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-2103

[August 20, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 562010CF 003235A.

Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Defendant, Christina Prinz, appeals from a restitution order entered following her no contest plea to grand theft. The trial court ordered her to pay $149,183 total in restitution—$144,183 for the actual amount taken from her employer, plus an additional $2,000 and $3,000 respectively for bookkeeping and accounting expenses incurred. We affirm the $144,183 portion of the order because the State provided legally sufficient evidence supporting the fact that she stole this amount. However, we agree with Defendant's contention that the trial court erred in requiring her to pay for the victim's bookkeeping and accounting expenses, as the only evidence of those costs came solely from the victim's testimony. As such, we reverse the $5,000 portion of the order for those legally unsupported awards.

Defendant worked as an office manager for the victim's business, and was responsible for the company's billing, payroll and day-to-day

operations. Defendant was subsequently charged with organized fraud and grand theft, based on allegations that she stole from the company by transferring funds into her account through the company's direct deposit payment system. Following her no contest plea to the grand theft charge,[1] the trial court adjudicated her guilty, sentenced her to forty-five months in prison followed by ten years of probation, and ordered her to pay restitution.

At the restitution hearing, the State presented testimony from a certified public accountant who had conducted a forensic accounting of the company's banking and accounting records along with Defendant's banking records during the time of the theft. The State's CPA testified that there was inconsistent treatment between the accounting records of the company's QuickBooks account, the company's banking records and Defendant's banking records. The company's QuickBooks account showed that the total compensation to Defendant for that period was $67,245, but her bank account reflected that she received $223,543. Thus, the State's forensic accountant found she actually received $156,298 more than the accounting records showed she was paid.

Next, the victim testified that Defendant earned $16.00 an hour and on average worked a forty-hour week. The victim also testified that Defendant's grand theft had forced her to spend $3,000 in bookkeeping and $3,000 for accounting fees. Based on this testimony, the State estimated that Defendant should have received $640 a week for thirty-one months, totaling $79,360. The State then subtracted $79,360 from the amount Defendant's bank showed she received—$223,543—and determined the total theft amount to be $144,183. Additionally, the State asked for $3,000 for the victim's bookkeeping, $3,000 for the victim's accounting and $20,000 in attorney's fees—totaling $170,183 in restitution.

The trial court awarded restitution as follows:

> I do believe the proper corpus of the theft involved as to the count for which the defendant is sentenced is the difference between . . . the amounts testified to essentially by the state's accountant, there were wire ACH transfers to the defendant's Bank of America account, Wachovia account. . . . [T]he theft would be the difference between the two

---

[1] In exchange for her plea, the State *nolle prossed* the organized fraud charge.

figures essentially testified to by the state's expert [$156,298].

[The State] is, by concession, saying let's just be cautious in fairness and reduce that to [$144,183], which I'll take the invitation and do that since there is no prejudice to the defendant. . . .

Along the same lines, with regard to the bookkeeping amount which was here testified to be [$3,000], in the pre-sentence investigation the amount was listed as [$2,000] [sic] I do find that the victim, who is competent to testify on the issues of restitution generally, did sufficiently establish by her testimony that the . . . bookkeeping fees were isolated and related significantly to this offense so that they bear significant relationship to the offense . . . . But with the discrepancy in the amounts, I'll go with the [$2,000] amount listed in the P.S.I. . . . .

On the [$3,000] for the accountant . . . her testimony was competent and it was substantial evidence in that regard and sufficiently isolated to relate to this offense. . . .

On the issue of attorneys fees . . . . there is no doubt in my mind a portion of that goes beyond the amount that otherwise would be isolated indirectly or significantly related to this offense. . . . So I won't grant the attorneys fees in that regard.

So that leads to a total amount of restitution of [$149,183].

Defendant now appeals the restitution order, arguing the trial court erred in ordering her to pay the $149,183 in restitution. Specifically, Defendant contends that the State failed to show the amount of money Defendant legitimately made, thereby rendering the court's finding on the amount taken incorrect. Defendant also claims that neither the $2,000 awarded for bookkeeping nor the $3,000 awarded for accounting were supported by accompanying bills and, thus, those amounts were awarded in error.

We review a trial court's restitution order for an abuse of discretion. *Thompson v. State,* 68 So. 3d 425, 426 (Fla. 4th DCA 2011) (citing

*Soriano v. State*, 968 So. 2d 112, 114 (Fla. 4th DCA 2007)).  "The amount of restitution must be supported by competent, substantial evidence." *Id.*

Section 775.089, Florida Statutes (2010), which governs restitution, provides that "the court shall order the defendant to make restitution to the victim for" damage or loss "caused directly or indirectly by the defendant's offense" and damage or loss "related to the defendant's criminal episode, unless it finds clear and convincing reasons not to order such restitution."  § 775.089(1)(a), Fla. Stat. (2010).  The State has the burden of showing any amount of loss by a preponderance of the evidence.  § 775.089(7), Fla. Stat. (2010).  "Such evidence must be established through more than mere speculation; it must be based on competent evidence."  *Soriano*, 968 So. 2d at 114 (quoting *Glaubius v. State*, 688 So. 2d 913, 916 (Fla. 1997)).

Here, the $144,183 awarded for the amount taken was supported by competent, substantial evidence.  The State's forensic accountant determined that the Defendant received $156,298 more than the payroll showed.  This amount was not mere speculation as it was provided by an expert, based on a valid accounting, and determined a definite amount taken.  *See Brumley v. State*, 500 So. 2d 233, 234 (Fla. 4th DCA 1986) ("Competent evidence is matter probative of the fact to be proved; that is, relevant evidence that does not fit within any rule of exclusion.  Evidence is substantial if a reasonable mind might accept it to support a conclusion.") (citation omitted).  Although the trial court deviated from the expert's finding, it properly did so by lowering the amount in Defendant's favor.  *See State v. Hawthorne,* 573 So. 2d 330 (Fla. 1991) (recognizing that the court may exercise such discretion as is required to further the purposes of restitution).

As to the portion of restitution awarded for bookkeeping and accountant fees, the victim's testimony, absent any supporting documentation, was not sufficient.  *See Boone v. State*, 112 So. 3d 676, 677 (Fla. 4th DCA 2013) ("It is axiomatic for purposes of determining the amount of restitution . . . that the victim's testimony must be corroborated with billing records."); *Williams v. State*, 645 So. 2d 594, 595 (Fla. 2d DCA 1994) (finding the State did not meet its burden of demonstrating loss by preponderance of evidence where victim's testimony was sole basis for determination and no documentary evidence was presented).

For these reasons, we affirm the court's award of $144,183 in restitution for the amount of the theft, but we reverse the portion of the restitution order awarding expenses incurred for bookkeeping and accounting and remand for further proceedings.

*Affirmed in part, Reversed in part, and Remanded.*

LEVINE, CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***