PER CURIAM.
The state concedes that appellant’s dual convictions for simple battery and domestic battery by strangulation violate the prohibition against double jeopardy. The elements of domestic battery by strangulation subsume the elements of simple battery, and both convictions stemmed from appellant’s single act of choking the victim. See Allen v. State, 146 So.3d 1262 (Fla. 5th DCA 2014) (concluding that convictions for battery and domestic battery by strangulation based upon one act violated proscription against double jeopardy); see also Harris v. State, 111 So.3d 922 (Fla. 1st DCA 2013) (reversing conviction and sentence for misdemeanor battery, because felony battery and simple battery arose from the same act and the elements of the former subsumed those of the latter).
We therefore reverse and remand to the trial court to vacate appellant’s conviction and sentence for battery. See Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006); *1291 Means v. State, 127 So.3d 750, 752 (Fla. 1st DCA 2013).
REVERSED and REMANDED.
LEWIS, MAKAR, and KELSEY, JJ., concur.