DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDREW J. CURTIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1373

[March 23, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312011CF000068A.

Antony P. Ryan, Regional Counsel and Melanie L. Casper, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his sentence entered after a nolo contendere plea. He argues the trial court erred in imposing $2,500 in restitution and a civil lien of $27,000. We affirm as to the lien and reverse as to the restitution.

The State charged the defendant with third degree grand theft of more than $10,000 in value but less than $20,000, and dealing in stolen property. The defendant entered a nolo contendere plea to the dealing in stolen property count and was adjudicated guilty. He did not agree to pay restitution. The trial court sentenced the defendant to eighteen months' imprisonment followed by three years' probation.

At the sentencing hearing, the State did not raise the restitution issue; the trial court simply ordered $2,500 in restitution. The court then pronounced that pursuant to section 960.293, Florida Statutes (2014), the court was required to enter a civil lien in the amount of $27,000 for the

costs of incarceration. From the final judgment and sentence, the defendant now appeals.

The defendant argues the trial court abused its discretion by ordering restitution in the amount of $2,500 without conducting a restitution hearing. He also argues the court erred in imposing a civil lien in the amount of $27,000. The State agrees that the restitution must be reversed. As to the civil lien, however, the State argues the trial court correctly imposed the civil lien, pursuant to section 960.293, Florida Statutes.

"We review a trial court's restitution order for an abuse of discretion." *Prinz v. State*, 149 So. 3d 65, 68 (Fla. 4th DCA 2014) (citing *Thompson v. State*, 68 So. 3d 425, 426 (Fla. 4th DCA 2011)).

Section 775.089, Florida Statutes, requires the trial court to consider the amount of loss and the defendant's ability to pay. § 775.089(6)(a)–(b), Fla. Stat. (2014). Here, the trial court failed to consider either because it failed to conduct a restitution hearing. "Imposition of a fixed amount of restitution without notice or hearing is error." *L.S. v. State*, 975 So. 2d 554, 555 (Fla. 4th DCA 2008) (citations omitted). We therefore reverse the restitution part of the sentence and remand the case to the trial court for a restitution hearing.

As to the $27,000 civil lien, the trial court properly entered it. Section 960.292(1), Florida Statutes, provides in part that upon conviction, "the convicted offender shall incur civil liability for damages and losses to crime victims, the state, its local subdivisions, and aggrieved parties as set forth in s. 960.293." § 960.292(1), Fla. Stat. (2014). Subsection (2) provides that "the court in which the convicted offender is convicted **shall** enter civil restitution lien orders in favor of crime victims, the state, its local subdivisions, and other aggrieved parties." *Id.* § 960.292(2) (emphasis added).

Section 960.293(2)(b), Florida Statutes, provides for the imposition of a liquidated damage amount of $50 per day. § 960.293(2)(b), Fla. Stat. (2014). "Damages shall be based upon the length of the sentence imposed by the court at the time of sentencing." *Id.* Here, the trial court sentenced the defendant to eighteen months' imprisonment, which is 547.5 days. It then imposed costs of incarceration in accordance with sections 960.292 and 960.293. The court's calculation of $50 per day for 547.5 days totaling $27,000 is less than the actual amount, which is $27,375. The court correctly imposed a civil lien of $27,000 for incarceration costs and we affirm.

2

*Reversed in part; Affirmed in part.*

DAMOORGIAN and GERBER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**