DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**P.C.L.,** a child,
Appellee.

No. 4D20-2002

[January 5, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert Meadows, Judge; L.T. Case No. 562019CJ000885A.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellee.

KLINGENSMITH, J.

The State appeals the trial court's order denying restitution following an incident involving the intentional destruction of property. The trial court denied all restitution to one of the victims for damage to one of his vehicles, a Ford Expedition, loss of use relating to the Expedition, damage to a gate outside his home, and loss of income resulting from the damage sustained to the Expedition and his second vehicle.[1] We affirm the trial court's denial of restitution for the damage to the gate and loss of use of his vehicle but reverse and remand as to the other two items.

In a deliberate and senseless act of property damage, P.C.L. ("the Child") stole a neighbor's vehicle, wedged a concrete block onto the gas pedal, and sent it careening into the victim's Expedition and Durango parked in his driveway. Both vehicles sustained extensive damage from the impact, and the victim claimed the impact also damaged a gate. The

---

[1] The State also sought restitution for damage to the victim's second vehicle, a Dodge Durango, which was also denied by the trial court. However, the State did not appeal the restitution relating to the Durango.

Child was charged with one count of motor vehicle grand theft and two counts of criminal mischief involving $1,000.00 or more. He entered a no contest plea to all three counts. The trial court ordered him to pay restitution and reserved the amount for a later hearing.

At the restitution hearing, the State asked the trial court to award restitution for three losses: (1) damage to the Expedition and eight days of lost use, (2) damage to the gate, and (3) loss of income relating to an employment contract. The victim was the only witness at the hearing.

The victim testified that the Durango—the car first hit in the impact—was completely totaled, and because of the impact, hit the Expedition next to it, requiring repairs to the Expedition. The victim testified that he paid $5,769.29 out-of-pocket for the repairs to the Expedition with no reimbursement from his insurance company. After he paid for those initial repairs, the Expedition required additional repairs, costing another $1,400.00, which he said the insurance company paid.

The victim then testified about the damage to his gate near the parked Expedition. He said he paid approximately $10,000.00 to install the gate in 2017, and prior to the incident, believed the gate was fully functional and undamaged. After the incident, he found the gate was cracked and knocked off its hinges, causing damage to the house. He believed there was a domino effect from the impact of each of the vehicles that created the force that damaged the gate. However, the Expedition was not found pressed against the gate, and there was no mention of damage to the gate in the police report made on the night of the incident. Additionally, the photos in evidence taken after the incident appeared to show some space between the vehicles and the gate. The victim testified he paid $10,180.00 to the gate company for a full replacement of the gate.

Finally, the victim testified about his loss of income due to his inability to work as an independent insurance adjustor performing assessments of affected areas after natural disasters. He testified that the type of work he performed required a specific type of vehicle to travel to affected areas because of the terrain and the equipment he carries. These factors included the need for four-wheel drive as well as a large and lockable compartment space. At the time of the incident, the victim testified he was under contract with FEMA for a hurricane damage assessment and had only a three-day turnaround after the incident to reach a jobsite in Louisiana after both the Durango and Expedition were damaged. He said he was unable to rent a similar vehicle in that short timeframe, either locally or in the disaster area, and as a result, he lost out on the contract. His total compensation for the lost six-month contract would have been

$180,000.00. Because of the unpredictable nature of this work, the victim also testified regarding the financial hardship he and his family suffered by losing this contract. He asked for restitution for his lost income in the amount of $180,000.00.

Defense counsel did not challenge the amounts of the restitution sought nor the Child's liability for causing these damages. Instead, counsel spoke on the Child's ability to pay restitution, arguing that if restitution was ordered by the court, then the amount must not exceed an amount which the Child and his parent or guardian could reasonably be expected to pay. Defense counsel argued the trial court should give the Child reasonable time to find employment and base the amount of restitution on evidence of the Child's earnings or earnings which the Child could reasonably be expected to make. At the time of the hearing, the Child was sixteen years old and only worked on Saturdays cleaning pools, making approximately $20.00.

In the end, the trial court ordered restitution of $1,700.00 for the neighbor whose stolen vehicle was used in the incident and found the Child was able to pay that amount. However, the trial court made no finding on the Child's ability to pay for the victim's restitution and declined to order any restitution for him.

For the Expedition, the trial court found there was no evidence or documentation of what the insurance company paid other than the victim's own testimony. The trial court considered the testimony about what the victim paid in repairs to be insufficient proof of his loss and concluded that he should have provided to the court a paid invoice or other proof of payment. The trial court also found that the victim's claim of $800.00 for loss of use of the Expedition for eight days was not sufficiently supported by anything other than his testimony. Other than $1,400.00 that was covered by insurance, the trial court found that the victim failed to provide sufficient evidence or documentation to support the loss of use and damages to the Expedition.

For the gate, the trial court found no nexus between the crime and the damage to the gate. To support its finding, the trial court pointed to the lack of evidence on the record: no photographs detailed any damage to the gate, aside from its hinges; the police report did not mention any damage to the gate; and, the victim provided no testimony that he contacted his insurance company to pay for the gate.

For the loss of the employment contract, the trial court found there was no evidence as to the net amount of compensation which the victim would

3

have received after deducting unreimbursed expenses and taxes. The trial court found that while the economic loss claimed was substantial, the victim did not sufficiently mitigate or attempt to mitigate these damages, stating that when considering the value of the contract at stake, the victim could have leased or bought a new suitable vehicle in other reasonable locations. Although the trial court ultimately found a nexus between the Child's actions and the victim's loss related to the physical damage to his vehicles, the court attributed the loss of employment to the victim's failure to mitigate or attempt to mitigate those damages.

This appeal followed. On appeal, the State challenges only the trial court's denial of restitution for the Expedition, the gate, and the loss of the employment contract.

The standard of review for a restitution order is abuse of discretion. *Martinez v. State*, 316 So. 3d 362, 364 (Fla. 4th DCA 2021). The trial court abuses its discretion when its actions are "arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Hamil v. State*, 106 So. 3d 495, 497 (Fla. 4th DCA 2013) (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)). Restitution must bear a significant relationship between the crime and the loss claimed by the victim. *L.H. v. State*, 803 So. 2d 862, 863 (Fla. 4th DCA 2002). "The burden of proving the amount of restitution is on the State, and the amount must be proved by a preponderance of the evidence." *Koile v. State*, 902 So. 2d 822, 824 (Fla. 5th DCA 2005) (citing § 775.089(7), Fla. Stat. (2019)).

For adults, restitution is awarded for (1) "[d]amage or loss caused directly or indirectly by the defendant's offense" and (2) "[d]amage or loss related to the defendant's criminal episode." § 775.089(1)(a), Fla. Stat. (2019). Courts have treated the juvenile restitution statute similarly to the adult restitution statute. *L.R.L. v. State*, 9 So. 3d 714, 715 (Fla. 2d DCA 2009). However, unlike in adult criminal cases, restitution awards involving juvenile defendants are discretionary. *See id.* Juveniles may be ordered to pay restitution "for any damage or loss caused by the child's offense." § 985.437(2), Fla. Stat. (2019). The sufficiency of evidence requirement used in adult restitution cases has also been utilized in juvenile restitution cases. *See D.D. v. State*, 172 So. 3d 969, 971 (Fla. 4th DCA 2015) (finding a victim's testimony estimating the cost of repairs was insufficient to support an award of restitution).

**1) Restitution for the Expedition**

An award of restitution may not be based on speculation. *Bennett v. State*, 944 So. 2d 524, 526 (Fla. 4th DCA 2006). In *Bennett*, we reversed a restitution award where "the award of restitution was based solely on speculative testimony, rather than concrete or documentary evidence," and remanded for a new evidentiary hearing to determine the appropriate amount for restitution. *Id.* at 525.

However, documentary evidence is not always a prerequisite to establishing an amount for an award of restitution. *See Printz v. State*, 149 So. 3d 65, 68 (Fla. 4th DCA 2014); *see also Gonzalez v. State*, 40 So. 3d 86, 89 (Fla. 4th DCA 2010) (holding a restitution order may be supported by a victim's testimony if it is based on more than mere conjecture). Here, the victim testified that he paid $5,769.29 for the repairs to the Expedition with no reimbursement from his insurance company. Therefore, the victim's testimony about this loss was not speculative, and not based merely on his opinion. *See Prinz*, 149 So. 3d at 68 (noting that a restitution amount was not mere speculation when based on evidence of a definite amount taken). Additionally, we have held that the victim's testimony about out-of-pocket losses actually paid, as opposed to estimates of loss, is sufficient to establish proof of the amount for restitution purposes. *See Domaceti v. State*, 616 So. 2d 1148 (Fla. 4th DCA 1993) (holding restitution awards generally should be limited to the price of replacement and not the original cost of the item).

We note that the victim's testimony regarding the amount he paid was not challenged by the defense. While we recognize that a fact-finder is free to accept or reject any evidence, even uncontroverted testimony, the court made no finding that the victim's testimony lacked credibility. *See Wintz v. Goodwill*, 898 So. 2d 1089, 1093 (Fla. 1st DCA 2005). As a result, the court erred in denying the victim restitution based solely on a lack of documentary evidence.

However, the trial court here did not err in denying the $800.00 restitution claim for the Expedition's loss of use. The victim's claim was not sufficiently supported by anything other than his opinion testimony. There was no evidence supporting that amount other than the victim's estimate of the value of the loss. *See Bennett*, 944 So. 2d at 525. As such, the trial court did not abuse its discretion in denying restitution for that amount.

## 2) Damage to the Gate

The trial court found there was no evidence of direct involvement or nexus between the car crash and the gate's damage. No photos of the gate

on the ground or any damage besides its hinges were presented as evidence at the restitution hearing nor did the police report mention any damage to the gate. Further, there was no testimony about the victim's homeowners' insurance being notified about the damage or paying for it. The trial court found there was insufficient evidence to connect the claimed damage to the gate with the incident. Without a nexus connecting the impact of the vehicles to the damage, the trial court could reasonably decline to award restitution for the gate's repair. *See L.H.*, 803 So. 2d at 863. As such, the trial court did not abuse its discretion in denying restitution for the gate.

### 3) Victim's Loss of Income

"Restitution has not abandoned the concept of mitigation of damages." *J.K. v. State*, 695 So. 2d 868, 870 (Fla. 4th DCA 1997). Whether the duty to mitigate applies in a particular case depends upon the facts of the case. *Graphic Assocs., Inc. v. Riviana Rest. Corp.*, 461 So. 2d 1011, 1014 (Fla. 4th DCA 1984). The duty to mitigate "prevents a party from recovering those damages inflicted by a wrongdoer which the injured party 'could have avoided without undue risk, burden or humiliation.'" *Id.* (quoting Restatement (Second) of Contracts § 350(1) (1979)). Damages recoverable through court-ordered restitution do not include those that the injured party could have ordinarily and reasonably avoided with no undue effort or expense. *See Sys. Components Corp. v. Fla. Dep't of Transp.*, 14 So. 3d 967, 982 (Fla. 2009).

For the victim's claim of loss of income from the employment contract, the trial court denied restitution based on a failure to sufficiently mitigate the loss. *See J.K.*, 695 So. 2d at 870; *Sys. Components Corp.*, 14 So. 3d at 982. Considering the money at stake in the contract, the trial court believed the victim could have searched for a replacement vehicle at other reasonable locations besides Florida and Louisiana. However, the defense presented no evidence that other reasonable locations would have produced a suitable vehicle. Rather than finding the victim lacked credibility, the trial court ruled that the victim could have leased or bought a new vehicle within the three-day window and still fulfilled his contractual obligations.

There was no evidence supporting the trial court's finding relating to the failure to mitigate. The victim's unrebutted evidence was that the Child caused damage to his vehicle, rendering it inoperable, and that he needed a similar vehicle to complete his job. There was also no evidence that a wider search to find a suitable vehicle was possible (or even practical) within the three-day window, that the victim could have even

6

found an available and suitable vehicle, or that obtaining one could have been successful without imposing an undue and unreasonable burden on the victim to perform a nationwide search. *See Graphic Assocs., Inc.*, 461 So. 2d at 1014. Therefore, the trial court erred in denying the victim restitution relating to his loss of income on these grounds.

**Child's Ability to Pay**

The trial court did not make any findings on the Child's or the parent or guardian's ability to pay restitution to the victim. The juvenile restitution statute provides that a court may order a delinquent child to pay restitution "in a reasonable amount or manner to be determined by the court. . . . When restitution is ordered by the court, the amount of restitution may not exceed an amount the child and the parent or guardian could reasonably be expected to pay or make." § 985.437(2)(b)–(c), Fla. Stat. (2019). While a court may order a delinquent child pay restitution without a showing of present ability to pay, it nevertheless must determine what that child might reasonably be expected to earn upon finding suitable employment and base the amount of restitution on those anticipated earnings. *See S.S. v. State*, 122 So. 3d 499, 503 (Fla. 4th DCA 2013); *A.J. v. State*, 677 So. 2d 935, 938 (Fla. 4th DCA 1996). Here, the trial court erred by not making sufficient findings relating to the Child's and the parent or guardian's ability to pay restitution to the victim.

**Conclusion**

We reverse the restitution order to the extent the trial court found the victim failed to present sufficient evidence of out-of-pocket loss regarding the damage to the Expedition and failed to adequately mitigate his damages for loss of net income. We also reverse to the extent the trial court did not base its decision on a finding related to the Child's employment prospects. As to those items of restitution, we remand with directions that the trial court conduct a new restitution hearing. On remand, and before ordering restitution, if any, the court shall make findings about the Child's and the parent or guardian's ability to pay. *See B.W. v. State*, 307 So. 3d 31 (Fla. 4th DCA 2020); *S.S.*, 122 So. 3d at 504; § 985.437(2), Fla. Stat. (2019). We affirm on all other issues raised.

*Affirmed in part, reversed in part, and remanded.*

LEVINE, J., concurs.
WARNER, J., concurring in part and dissenting in part with opinion.

WARNER, J., concurring in part, dissenting in part.

I concur with the majority except in the conclusion that the trial court abused its discretion in denying restitution for the loss of income. Whether the trial court had evidence of the availability of vehicles to rent, it appears to me that the trial court essentially disbelieved the victim's testimony that he lost out on a $180,000.00 contract simply because his vehicle was damaged. I cannot say that no reasonable judge would have come to the same conclusion based upon the evidence presented.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***