# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LINDA WEINREBER BARKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-2575

[November 23, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 562019CF000896A.

Carey Haughwout, Public Defender, and Cynthia L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals a restitution order entered after she pleaded no contest to fraudulent use of a credit card and exploitation of an elderly person. She argues the trial court erred in: (1) determining restitution because the evidence did not support the amount awarded; and (2) assessing a surcharge when no fines were assessed. We agree with her on issue two. We therefore affirm in part and reverse in part.

The victim asked her neighbor (the defendant) to help with bills while she was traveling. The victim gave the defendant permission to use certain checks and credit cards. When she returned, the victim noticed irregular activity on two of her accounts. The victim reported the activity to the police.

The State charged, and the defendant pleaded no contest to, fraudulent use of a credit card and exploitation of an elderly adult. The court sentenced the defendant to twenty-four months' probation and ordered her to pay restitution.

At the restitution hearing, the State argued the defendant should pay for two checks: one made out to the IRS for $2,000; and another made out to "P.D. Green" for $1,005.71. The victim testified the defendant drafted the checks without her knowledge and consent. Neither check bore the victim's handwriting or signature.

The defendant responded she drafted the checks with the victim's permission for the victim's benefit. The court ordered restitution for $3,005.71 but did not assess any fines.

The defendant now argues the State failed to prove the checks paid for items benefiting the defendant. She also argues the evidence supported only a speculation that the defendant had wrongfully spent the money. The State responds it proved the defendant wrote the two unauthorized checks and the victim did not benefit from those payments.

We review restitution orders for an abuse of discretion. *Davis v. State*, 244 So. 3d 374, 377 (Fla. 4th DCA 2018) (citing *Soriano v. State*, 968 So. 2d 112, 114 (Fla. 4th DCA 2007)).

A restitution order must be supported by competent substantial evidence. *Davis*, 244 So. 3d at 377. Competent substantial evidence must be more than mere speculation. *Soriano v.* State, 968 So. 2d 112, 114 (Fla. 4th DCA 2007) (quoting *Glaubius v. State*, 688 So. 2d 913, 916 (Fla. 1997)). The State bears the burden of proving the amount of loss by a preponderance of the evidence. § 775.089(7)(c), Fla. Stat. (2021).

The defendant relies on *Henry v. State*, 840 So. 2d 1170, 1171 (Fla. 4th DCA 2003). There, the defendant pled guilty to one of the same charges, exploitation of an elderly person. But the State relied only on "documentary evidence consisting of financial data, including credit card records, a spreadsheet summarizing financial transactions, and other documents." *Id.* The State did not call any witnesses. The trial court granted the State's requested restitution amount. *Id.*

We reversed because the documentary evidence did not establish the impropriety of each expenditure. We remanded the case for "the trial court to make sufficient findings or for the State to provide evidence substantiating the amount it seeks." *Id.*

Here, unlike *Henry*, competent substantial evidence supports the restitution award. The victim testified the defendant drafted the checks without her consent and the payments were of no benefit to her. The State

introduced copies of checks showing the defendant's handwriting and signature. We therefore affirm the restitution order.

Next, the defendant argues the trial court erred in applying a five percent surcharge, pursuant to section 938.04, Florida Statutes (2021), when the trial court did not impose a fine. The State responds the defendant failed to preserve the issue.

We have de novo review. *Brewster v. State,* 25 So. 3d 99, 101 (Fla. 4th DCA 2018).

An improper costs assessment claim may be preserved in a Rule 3.800(b) motion. *Bartolone v. State*, 327 So. 3d 331, 335 (Fla. 4th DCA 2021) (citing *Anderson v. State*, 229 So. 3d 383, 386 (Fla. 4th DCA 2017)). Here, the defendant raised the surcharge assessment in a Rule 3.800(b)(2) motion. By doing so, she preserved the issue.

Section 938.04, Florida Statutes (2021), provides for the imposition of a five percent surcharge when a fine or cost is imposed under section 318.14(10), Florida Statutes (2021).[1] A trial court must pronounce each fine, cost, and discretionary fee during a sentencing hearing to comply with due process. *Jackson v. State*, 296 So. 3d 549, 553 (Fla. 1st DCA 2020) (citing *Osterhoudt v. State*, 214 So. 3d 550, 551 (Fla. 2017)).

Here, the trial court orally pronounced costs and fees but did not impose a fine. Indeed, there are no mandatory fines for the third-degree felonies charged in this case. *See* § 775.083, Fla. Stat. (2021). Yet, the probation order included a mandatory five percent surcharge. The surcharge was incorrectly assessed.

We therefore reverse the surcharge and remand the case to the trial court to strike it from the probation order.

*Affirmed in part; Reversed in part.*

GERBER and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Section 318.14, Florida Statutes (2021), relates to noncriminal traffic infractions, and does not apply to the defendant's charges.